## J. A. TAYLOR v. CHARLES A. WILSON.

### No. 1541. Decided April 25, 1906.

**1.—Venue—Residence in Two States.**

The terms "inhabitant" and "domicile," "residence" and "resident," used in different clauses of the statute on venue of suits (Rev. Stats., art. 1194), mean the same thing, and the right of one having a fixed place of residence in this state to be sued in the county of such residence is not to be denied him by reason of his having his citizenship and a legal domicile in another state. (P. 653.)

**2.—Same—Defendant Residing Without State.**

The exception to the right of a defendant to be sued in the county of his residence which permits a resident of another state to be sued in the county of plaintiff's residence in this (Rev. Stats., art. 1194, subd. 3) does not apply to a defendant having also a place of residence in Texas; he may claim the right to be sued there though he has a place of residence, his family, and his citizenship in another state. (P. 653.)

**3.—Same—Fact Case.**

A defendant who had been living for fourteen months in Beaumont, engaged in the oil business there, but who was a citizen of New York, having business interests there, a family there resident, and visiting them three times during that period, was entitled, on his plea of privilege, to be sued in the county of his Texas residence, instead of the county of plaintiff's, as in the case of a nonresident. (Pp. 652–654.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Liberty County.

*R. D. Wright,* for appellant.—Under our venue law there may be a difference between a man's residence and his domicile; and a party may have residence in this state and residence and domicile in another. Gulf, C. & S. F. R. R. Co. v. Rogers, 82 S. W. Rep., 822.

Where defendant had two residences; one at White Plains in the State of New York, of which place he was a citizen, and another in Beaumont, Precinct No. 1, of Jefferson County, Texas, of which latter residence he was an inhabitant and where he was personally present, he had the privilege of being sued at the place of his residence in Texas, and could not be treated as a nonresident under article 1194, section 3, Revised Statutes of Texas, so as to properly fix the venue of suits against him at the residence of the plaintiff, where defendant pleaded his privilege. Same authority.

*Stevens & Pickett,* for appellee.—Where it is uncertain whether defendant is a nonresident of the state or resident of a particular county, suit may be brought against him as a nonresident, even though such defendant has a business residence within the state. Blum v. Young, 2 Posey U. C., 303; Brown v. Boulden, 18 Texas, 433; Blutcher v. Milsted, 31 Texas, 622.

The word domicile means residence, hence where a defendant has a business interest in Texas where he spends part of his time and his domicile or home in New York, where his family resides and where he spends part of his time he can be sued as a nonresident of Texas. Brown v. Boulden, 18 Texas, 433.

WILLIAMS, Associate Justice.—Certified question from the Court of Civil Appeals of the First District, as follows:

"On the 1st day of November, 1904, Chas. A. Wilson brought this suit in the Justice Court, precinct No. 4, of Liberty County, Texas, against J. A. Taylor on a money demand for $196.20. The venue was laid in that county on an allegation that plaintiff resided there and that defendant was a nonresident of the state. A writ of attachment was issued and levied on personal property of defendant within this state and there was citation by notice which was personally served on defendant in the State of New York under the circumstances hereinafter detailed.

"Defendant interposed his plea of privilege to be sued in this state in the county of his residence. The plea was sufficient in form and substance and the issue presented thereby was duly tried by the court and found against defendant. Thereupon the court heard the cause upon the merits and rendered judgment for plaintiff as prayed for. An appeal to the County Court had a like result both on the plea in abatement and the merits and the defendant has brought the cause to this court for review. He assails the action of the trial court in overruling his plea to venue, and insists that under the agreed facts the cause should have been dismissed. The following are, in substance, the agreed facts upon the issue:

"The defendant was engaged in the oil business in the city of Beaumont, Jefferson County, Texas, and he had been for the fourteen months next preceding the filing of the suit and had remained there. That he had been an inhabitant of said city of Beaumont and had been personally present and attending to his business there all during said fourteen months, except three trips he had made to visit his family at White Plains, New York. That defendant was in the city of Beaumont at the time this suit was filed (November 1, 1904) and had remained there until November 10, 1904, when he left for White Plains to visit his family. Defendant had never gone out of business in Beaumont, Texas, and did not know how long he would continue in business there. Defendant was a citizen of White Plains, New York, where his family resided, and defendant had been an inhabitant of White Plains continually until he first came to Texas to engage in the oil business and had never abandoned his home in White Plains, but had a residence there as well as in the city of Beaumont. Defendant had business interests in New York as well as in Texas. . . . It was shown that defendant had never been a resident of Liberty County, Texas. Was not a transient person. This his residence was not unknown. It was further agreed in substance that nothing in the facts brought the case within any other of the exceptions to the general provision that suit must be brought in the county of defendant's residence. The notice was served on defendant in White Plains, New York, on the 15th of November, 1904, where he had gone to visit his family, having left Texas on the 10th of that month.

"Following Gulf, C. & S. F. Ry. Co. v. Rogers (11 Texas Ct. Rep., 195), we reversed the judgment and dismissed the cause on the ground that the undisputed facts sustained the plea in abatement. For the reason that this cause can not otherwise reach the Supreme Court and

because your refusal of writ of error in Rogers case, supra, did not nec-
essarily involve an approval of what was there said by us upon this
point, we deem it wise to certify for your decision the following question.

"Did this court err in sustaining the plea of privilege?"

The statute to be construed provides: "No person who is an inhabit-
ant of this state shall be sued out of the county in which he has his
domicile, except in the following cases, viz:" and then gives, as the ex-
ceptions, twenty-seven special provisions for cases of which some are true
exceptions from the leading clause just quoted and would fall within if
not excepted out of it and others are not. The third of these is: "Where
the defendant or all of several defendants, reside without the state, or
when the residence of the defendants is unknown; in which case the suit
may be brought in the county in which the plaintiff resides."

Decisions of this court holding that the terms "domicile" and "in-
habitant" used in the first clause mean, respectively, the same things as
"residence" and "resident," have relieved the question before us of much
of the difficulty which otherwise would attend it. Brown v. Boulden,
18 Texas, 434; Pearson v. West, 97 Texas, 243.

The certificate states that the defendant had a residence in Jefferson
County, Texas, and, as citizenship and legal domicile within the state
are not according to the decisions referred to, essential to the privilege
given by the first provision of the statute, he clearly falls within it and
is entitled to that privilege, unless he also falls within the terms of the
third provision. The last named provision is in the form of an excep-
tion to the general rule declared, and, logically, the two together would
imply that one may be an inhabitant or resident of this state and may at
the same time reside out of the state; and that, if he does, he may be sued
in any county where a plaintiff may reside; and this is the contention of
counsel for the present plaintiff. But this result would be inconsistent
with the purpose of the statute, which is to require that when residents
of this state, whether citizens or not, are to be sued in its courts, they
shall be entitled to be sued in the counties where they reside. That the
fact, that one thus situated may also have a residence in another state,
was regarded by the Legislature as a good reason for denying him this
privilege can hardly be supposed. His place of residence in the state
may be as well known, the facilities for suing him there and the im-
portance to him of the right to make his defense there may be as great
as if he had no residence elsewhere. The fact of a residence out of the
state gives rise to no just reason for distinguishing his case from those
of other residents, and it ought not therefore to be held, unless the
language requires it, that the Legislature intended to make a distinction.
It is true that a person may have more than one residence, one in the
state and one out of it; but does he then, in the sense of the statute,
reside out of the state? In other words, does the statute really contem-
plate that, for its purposes, one is to be regarded as an inhabitant of the
state and at the same time as residing out of it? We think not. In our
opinion the third provision treats, as so many of the others do, of a case
which does not come within the first provision at all and is really not an
exception from it. The third provision covers a case, which, but for it,

would not have been provided for, where the defendant is not an inhabitant of this state at all but resides out of it. In such cases, as there is no residence in the state to be considered but that of plaintiff, it is made to fix the venue. This construction relieves the statute as it has been construed, of any incongruity and enforces not only its language but its spirit.

The construction given to the statute in Pearson v. West, and the cases therein referred to, applicable when the defendant has more than one residence in the state, is urged upon us as controlling this question. But they are clearly consistent with our present conclusion. The statute only requires that the suit be brought in the county of defendant's residence, and this is not violated by suit in the county of either of such residences where there are more than one in the state. But here there is only one residence in the state and it is a violation of the statute to sue anywhere but in the county where it is situated, unless the fact of another residence out of the state, ought, under the statute, to affect the venue of suits in our courts. The question which thus arises is different from the one involved in the cases referred to. Residence of the defendant in the state determines the venue of suits in our courts, while his residence out of the state can not do so.

We answer that the Court of Civil Appeals did not err in its decision.