## PECOS & N. T. RY. CO. et al. v. THOMPSON.

(Court of Civil Appeals of Texas. Amarillo. Oct. 21, 1911. Rehearing Denied Nov. 17, 1911.)[1]

1. MASTER AND SERVANT (§ 261*)—INJURIES TO SERVANT—ACTIONS—PETITION—NEGATIVING CONTRIBUTORY NEGLIGENCE.

A petition, in an action for injuries to a brakeman while attempting to board a train in

[1] This case was filed in the Court of Civil Appeals for the Second Supreme Judicial District on November 5, 1910, and transferred to this Court July 1, 1911.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

a railroad yard, which alleges that, in attempting to board the train at the time and under the circumstances stated, the brakeman did so in the regular course of his duty, sufficiently alleges that the brakeman was engaged in the discharge of his duties and negatives the presumption of his own negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 851; Dec. Dig. § 261.*]

2. MASTER AND SERVANT (§ 260*)—INJURIES TO SERVANT—ACTIONS — PETITION — NEGATIVING ASSUMPTION OF RISK.

A petition, in an action for injuries to a brakeman while attempting to board a train in a railroad yard, caused by defects in the stirrup to a car and in the yards, which alleges that in attempting to board the train the brakeman did so in the regular course of his duty, and that he did not know of the defective condition of the stirrup or the yard, sufficiently shows that he did not assume the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 844–848; Dec. Dig. § 260.*]

3. TRIAL (§ 4*)—ORDER OF TRIAL OF ISSUE ON DILATORY MOTION.

Under Rev. St. 1895, arts. 947, 1269, authorizing the Supreme Court to make rules for the courts not inconsistent with the law, and providing that dilatory pleas shall be determined during the term at which they are filed if the business of the court permits, and under district and county court rule 24 (67 S. W. xxii), providing that all dilatory pleas shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement, and all such pleas shall be disposed of before the main issue on the merits is tried, the court may in its discretion dispose of dilatory motions at the trial of the merits, and, where evidence on the motions and the main case are heard together, it must require the jury to first dispose of the motions, and, where that is done, the defeated party may not complain unless he shows that he suffered injury by the failure of the court to dispose of the motions before hearing evidence on the merits.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 8–10; Dec. Dig. § 4.*]

4. TRIAL (§ 48*)—RECEPTION OF EVIDENCE—EVIDENCE ADMISSIBLE FOR PARTICULAR PURPOSE.

Where the issues involved the residence of plaintiff under the venue laws at the time he received personal injuries while a servant of defendant and his capacity and disposition to earn money, the allowance of plaintiff to testify that he paid the larger part of the cost of his mother's home in a sister state was not erroneous, where he without objection testified to his residence in the sister state and of his intention of going home at the time of the accident.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 120; Dec. Dig. § 48.*]

5. APPEAL AND ERROR (§ 882*) — REVIEW — PERSONS ENTITLED TO ALLEGATIONS — INVITED ERROR—INSTRUCTIONS.

Where the court, as requested by defendant, submitted the issue of the residence of plaintiff suing for a personal injury received in another county while a servant of defendant, a plea of privilege having been filed to be sued in the county where the accident occurred, it could not complain on appeal of the refusal to give a peremptory instruction on the issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

6. TRIAL (§ 260*) — INSTRUCTIONS — INSTRUCTIONS COVERED BY CHARGE GIVEN—"RESIDENCE."

An instruction, on the issue of the residence of plaintiff within the venue laws, that, if at the time of the injury complained of plaintiff had his residence in the county in which the accident occurred, the jury must find for defendant on its plea of privilege to be sued in such county, while, if at the time plaintiff resided in a sister state, the jury must find against the plea, and that the word "residence" meant a fixed and permanent abode or dwelling place for the time being, correctly stated the law, so that it was not error to refuse requested instructions on the issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. § 260.*

For other definitions, see Words and Phrases, vol. 7, pp. 6151–6161; vol. 8, p. 7788.]

7. APPEAL AND ERROR (§ 987*) — REVIEW — VERDICT—CONCLUSIVENESS.

The jury are the judges of the weight of the evidence, and the court on appeal may only determine whether there is evidence sufficient, if believed, to sustain the verdict, in the absence of anything indicating that the jury were improperly influenced.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3893; Dec. Dig. § 987.*]

8. VENUE (§ 21*)—PRIVILEGE OF DEFENDANT—"RESIDENCE."

Evidence *held* to show that a servant suing a railroad company for injuries received in another county in the state was a nonresident of the state within the venue laws; residence within the statute requiring a settled and fixed abode and an intention to remain at least for a time for business or for other purposes.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 34; Dec. Dig. § 21.*]

9. TRIAL (§ 251*)—ISSUES—INSTRUCTIONS.

Where the court limited a recovery to one ground, the refusal of requested instructions submitting other issues was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 587; Dec. Dig. § 251.*]

10. TRIAL (§ 194*)—INSTRUCTIONS INVADING PROVINCE OF JURY.

An instruction, in an action for injuries to a brakeman, while boarding a train, caused by a defective stirrup to a car, that the evidence showed that the brakeman boarded the train of his own choice, and was not acting by the orders of his superiors, or by the demands of an emergency in the management of the train, and that there was no actionable negligence, and that he was not acting in the furtherance of his duties, but was a mere licensee precluding a recovery, was objectionable as on the weight of the evidence as to the emergency and as to actionable negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 466; Dec. Dig. § 194.*]

11. MASTER AND SERVANT (§ 295*)—INJURIES TO SERVANT — ACTIONS—INSTRUCTIONS—ASSUMPTION OF RISK.

An instruction on assumption of risk, in an action for injuries to a servant, which failed to require knowledge on the servant's part of an additional hazard, if any, in the mode selected by him for the performance of his duties, was properly refused.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1175; Dec. Dig. § 295.*]

12. MASTER AND SERVANT (§ 295*)—INJURIES TO SERVANT — ACTIONS—INSTRUCTIONS—ASSUMPTION OF RISK.

Under Laws 1905, c. 163, making the plea of assumed risk, where the ground of it is

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

knowledge or means of knowledge of the defect causing the injury complained of, available in enumerated cases, recovery by a servant who assumed a risk of the mode of performing a service is expressly made to depend on whether an ordinarily prudent servant would have so performed the service, and a special charge failing to so state the law is properly refused.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1175; Dec. Dig. § 295.*]

13. TRIAL (§ 260*) — INSTRUCTIONS—REFUSAL TO GIVE INSTRUCTIONS COVERED BY THE CHARGE GIVEN.

It is not error to refuse a requested charge sufficiently covered by the charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. § 260.*]

14. MASTER AND SERVANT (§ 295*)—INJURIES TO SERVANT — ACTIONS—INSTRUCTIONS—ASSUMPTION OF RISK.

Where, in an action for injuries to a brakeman while attempting to board a train, caused by a defective stirrup to a car, the evidence showed that the brakeman was an experienced railroad man and accustomed to getting on and off a moving train, the only contributory negligence or assumed risk to which an instruction could properly apply was that of attempting to board the car with the stirrup out of repair, and where in a requested charge his rights were not made to depend on the question of his knowledge of the additional hazard or of his negligence in attempting to board the car under the circumstances, the charge was properly refused.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1175; Dec. Dig. § 295.*]

15. MASTER AND SERVANT (§ 228*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—EFFECT.

Laws 1905, c. 163, defining when the defense of assumption of risk is available, and Laws 1909 (1st Ex. Sess.) c. 10, providing that the contributory negligence of a railroad employé shall not bar a recovery for injuries received, but the damages must be diminished in consequence thereof, when construed together, do not bar a recovery for injuries received by a railroad employé guilty of contributory negligence; but the damages must be diminished thereby.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228.*]

16. MASTER AND SERVANT (§ 99*)—INJURIES TO SERVANT—NEGLIGENCE — JOINT LIABILITY.

The negligence of either of two employers constituting a copartnership inures to the benefit of an employé injured thereby, and that one employer exercised the required care does not prevent a recovery where the other employer was guilty of negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 165; Dec. Dig. § 99.*]

17. MASTER AND SERVANT (§ 228*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—STATUTORY PROVISIONS.

Under Laws 1905, c. 163, and Laws 1909 (1st Ex. Sess.) c. 10, relating to the defense of assumption of risk and contributory negligence in actions by railroad employés, a railroad company is liable for injuries to a brakeman caused by defects in the stirrup to a car, where the defective condition was the result of negligence, and the brakeman knew nothing thereof and was not guilty of contributory negligence in failing to know, and he was in the discharge of a duty to his master and exercised the care of a reasonably prudent employé similarly situated.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228.*]

Appeal from District Court, Roberts County; F. P. Greever, Judge.

Action by W. C. Thompson against the Pecos & Northern Texas Railway Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Terry, Cavin & Mills, J. C. Dial, and Hoover & Taylor, for appellants. Barrett & Jones, for appellee.

GRAHAM, C. J. This is an appeal from a judgment based on the verdict of a jury rendered in the district court of Roberts county, awarding damages to appellee, for personal injuries received by him on January 18, 1910, while working in the capacity of rear brakeman for appellants in their yards in Amarillo, Potter county, Tex. The record is a voluminous one, the statement of facts alone covering 254 pages of typewritten matter; there being 60 assignments of error by appellants and 1 by appellee, and 30 of appellants' assignments and the 1 by appellee being urged in this court. The verdict of the jury was against appellants on their plea of venue and to the jurisdiction of the court, as well as on the merits of the case, and judgment was rendered below accordingly.

In disposing of the appeal we will not consider the assignments of error briefed, in the order contained in the briefs, but will consider them in that order which in our judgment will give the clearest understanding of the issues raised and the disposition we may make of them, and, in referring to the assignments of error in this opinion, we will use the numbers given in the briefs, and not their number found in the transcript.

Under the first and second assignments of error, respectively, appellants contend that the trial court erred in overruling their first and fourth special exceptions to the sufficiency of appellee's pleadings.

[1] The first special exception is, in substance, that appellee's pleadings fail to allege that in attempting to board the train he was engaged in the necessary discharge of his duties, and to negative the presumption of his own negligence arising from the allegations of fact in his pleadings; but as appellee alleges, in substance, that, in attempting to board the train at the time and under the circumstances stated, he did so in the regular course of his duty to his master, we think the special exception is without merit, and therefore overrule appellants' first assignment of error.

[2] The second special exception is, in substance, that appellee's pleadings, as a whole,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

were insufficient, in that they show that the appellee, in attempting to board the train, assumed the risk in so doing and was guilty of contributory negligence; but as appellee alleges, in substance, that, in attempting to board the train at the time and under the circumstances, he did so in the regular course of his duty to his master, and that he did not know of the defective condition of the step or the yards, we think the trial court properly overruled the exception, and therefore overrule appellants' second assignment of error.

Appellee alleged that when injured, and at the time of bringing the suit, he resided in the state of Alabama, as a basis of his right to sue in Roberts county.

Appellants, under oath, and as a part of their original answer, claimed that, for purposes of venue in this case, appellee was not a nonresident of this state, and, further, that at the time of receiving his injuries he was a resident of Potter county, Tex., and because of said facts appellants pleaded their privilege to be sued in Potter county, and prayed the court to hear evidence and render judgment accordingly.

[3] After appellee and appellants had announced ready for trial, appellants presented their written motion to be permitted to try and have determined before the jury, requested by appellee, their plea of privilege, before being required to announce on the merits of the case, which was overruled by the court, and to which ruling appellants urge error in this court under a proper assignment, No. 3, based on proper bill of exception.

The proper disposition of the question presented requires a construction of articles 947 and 1269, Sayles' Civil Statutes, when read in connection with rule 24 (67 S. W. xxii) for the government of the district and county courts of this state.

But for rule 24, there could be no question as to the right of the district court to exercise his discretion, and either finally dispose of any of the special pleas mentioned in article 1269, before proceeding with the trial of the cause on its merits, or to receive a submission of such special pleas and the main case together, and then dispose of the issues raised in such special pleas before proceeding further with the case on its merits, as was done in this instance. The question presented therefore really depends on a proper construction of rule 24, which reads as follows: "All dilatory pleas and all motions and exceptions relating to a suit pending which do not go to the merits of the case, shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of parties with the consent of the court; and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried."

If this rule, by express terms, required the final disposition of the motion before beginning the trial of the cause on its merits, we would then be of the opinion that the trial court had erred; but the rule does not so read, and we think would not require such a construction if not read in the light of articles 947 and 1269.

Article 947, Sayles' Civil Statutes, confers on the Supreme Court the power to make all necessary rules for the government of the courts of this state, not inconsistent with the laws of the state, looking to the dispatch of business in the courts, and under this law the rule under consideration was made. As under article 1269, a discretionary power is vested in the trial court, and the purpose of the rules is to enable and assist the courts to dispatch business, and rule 24 does not expressly require that a preliminary plea or motion be finally disposed of before beginning the trial on the merits of the case, we think it is within the sound discretion of the trial court to either dispose of such motions before beginning on the merits of the case, or to receive a submission of both the motion and the main case, and then dispose of the motion before proceeding further with the case on its merits, as was done in this instance.

It often occurs that the same testimony is necessarily heard on some branch of the main case as would be introduced in support of the motion, and in such case a useless consumption of the time of the court would result if required to dispose of such motion before proceeding with the case on its merits; and to give the rules such a construction in such a case would thwart the very purpose of the rules—that of expediting the business of the courts.

In this case, the court below received the submission of the motion and the case on its merits, heard evidence on both the motion and the main case, and then in his charge required the jury to first dispose of the motion under the instructions given on that issue, instructing the jury, if they found for appellants on the motion, to consider the case no further and return with their verdict; further instructing them that if they found against the motion to then proceed to deliberate on the issues submitted to them in the remaining portion of the charge, and which bore upon the issue on the merits of the case.

We think a proper construction of rule 24 does not require that the trial court in all cases dispose of such motions before hearing evidence on the issues in the main case; but we do think that rule 24 requires the motion to be disposed of before disposing of the main case.

Believing that it was within the sound discretion of the court below to proceed with the trial as he did, and appellants having failed to show affirmatively to our satisfaction that the trial court improperly exercised its discretion, and that appellants suffered

injury thereby, we overrule the third assignment of error.

We do not desire to be understood as holding that where the trial court had improperly exercised its discretion to the injury or detriment of a party litigant, and the record affirmatively so shows, relief would not be granted; but we simply hold that in this case no such abuse of discretion is shown.

In support of the conclusions reached by us, we cite Griffin v. Chadwick, 44 Tex. 406; Tynburg v. Cohen, 67 Tex. 220, 2 S. W. 734; Caswell v. Hopson, 47 S. W. 54; Hastings v. Hastings, 31 Cal. 95.

[4] Under their fourth assignment of error, appellants challenge the correctness of the action of the trial court in permitting appellee to testify that he paid the larger part of the cost of his mother's home in Alabama.

In other portions of appellee's testimony, not objected to by appellants, is found the following statements: "I did not have a regular job in Amarillo. * * * I have never voted at any place since I left home (meaning Alabama). * * * This place back in Alabama belongs to my mother. I gave it to her. It belongs to her now. It is in her name. Most of the household furniture belongs to her. Some of it belongs to me. I have some bedsteads, chairs, and beds there belonging to me, also some clothes. * * * One of my children was five years of age on the 20th day of June, and the other will be three years old in November. I am not real sure of her age. I have seen the second chid. The last I heard of her mother she was in Pensacola, Fla. My home was broken up and my wife and I separated. My mother has had charge of the children, but is not in charge of them at the present time. * * * I have two sisters also. My children are with my sisters. My mother is not there now, but was at the time I was injured. * * * At the time I was hurt it was my intention of quitting pay-day night and going home (meaning to Alabama)."

An issue was raised on the trial below, both as to appellee's residence under our venue laws at the time he received his injuries, and as to his capacity and disposition to earn money.

As presented by the record in this case, we think the trial court did not err in admitting the evidence complained of, and appellants' fourth assignment of error will therefore be overruled. See 4 Enc. of Evidence, p. 857, § 6.

Under assignments of error Nos. 5, 6, 7, and 8, appellants complain of the failure of the trial court to give special instructions requested, all bearing on the question of venue or jurisdiction of the court. Under assignment of error No. 9, they challenge the correctness of the first paragraph of the court's charge as given on the same issue, and under assignment of error No. 25 they complain that the trial court committed error as pointed out in the forty-ninth ground of their motion for a new trial, which urges the insufficiency of the evidence to sustain the verdict of the jury on the issue of venue.

Said special charges refused and the portion of the charge given, of which complaint is made in the foregoing assignments, together with the assignments themselves, read as follows:

Fifth assignment: "The court erred in refusing to give in charge to the jury the second special charge requested by the defendants." The charge referred to is as follows: "The defendants ask the court to charge the jury that if they find and believe from the evidence in this case, in passing upon the defendants' plea of privilege herein, that the plaintiff accepted a position with the defendants, the duties of which fixed his headquarters at Amarillo, Potter county, Tex., that he actually lived there when not on his run, that he ate and slept in Potter county, Tex., while not on his run, with the intention of continuing there during the indefinite period of his employment, you are charged that such state of facts, if you so find, fixed his residence in Amarillo, Potter county, Tex.; and you are charged, if you so find from the evidence, to return a verdict for the defendants upon their plea of privilege filed herein."

Sixth assignment: "The court erred in refusing to give in charge to the jury their third special charge requested by the defendants." The charge referred to is as follows: "The defendants ask the court to charge the jury that, as to the law applicable to the defendants' plea of privilege and to the jurisdiction of this court to hear and determine this cause of action, you are charged that, under the statutes of the state of Texas, the residence of a single man is where he boards or usually sleeps, and the residence of a man separated from his wife is the same as that of a single man."

Seventh assignment: "The court erred in refusing to give in charge to the jury the fourth special charge, requested by the defendants." The charge referred to is as follows: "The defendants ask the court to charge the jury that, as to the law applicable to the defendants' plea of privilege and to the jurisdiction of this court over this cause of action, you are charged that the residence of a single man is where he boards or usually sleeps, and the residence of a married man, separated from his wife, is the same as a single man, and you are further charged that a person may be a resident of this state, within the intent and meaning of the venue statutes, and have an actual home and domicile in another state, and claim such state as his home, and with no present intention of abandoning same. If the evidence shows a residence in the state of Texas, as herein defined, the party having such residence is within the venue statute, even though he may at the same time have

a home and actual place of residence in another state."

Eighth assignment: "The court erred in refusing to give in charge to the jury the fifth special charge requested by the defendants." The charge referred to is as follows: "The defendants ask the court to charge the jury that the testimony of the plaintiff and his witnesses, as well as the great preponderance of the other testimony adduced on the question of venue in this cause, raised by the defendants' plea, shows that at the time of the accident the plaintiff, within the meaning of the venue statutes of Texas, was not a nonresident of the state of Texas, but that he had an established residence in the state of Texas, within the meaning of said statute, and the accident occurring in Potter county, Tex., you are charged that this suit is improperly brought in Roberts county, and you are charged to find for the defendants on their plea of privilege to be sued in Potter county, Tex."

Ninth assignment: "The court erred in giving in charge to the jury the first paragraph of his main charge." The portion of the charge referred to is as follows: "You are instructed that if you find and believe from the evidence that at the time of plaintiff's injury he had his residence in Potter county, Tex., you will find for the defendants on their plea in abatement. On the contrary, if you believe from the evidence that at the time of the plaintiff's injury his residence was in the state of Alabama, then you will find against defendants' plea in abatement. In this connection, you are instructed that the word 'residence,' as used above, means a fixed and permanent abode or dwelling place for the time being, as contradistinguished from a mere temporary locality of existence."

[5] It will be observed that the special charges requested by appellants, the refusal to give which is complained of under assignments Nos. 5, 6, and 7, were each a request by appellants to the court to submit to the jury the question of the sufficiency of the evidence on the issue involved, and, as the court did submit said issue, we think appellants are not in a position to complain that the court refused to give the special charge, refusal to give which is complained of under their eighth assignment, which was a peremptory instruction on the issue involved, and we therefore overrule the eighth assignment of error and will dispose of the question sought to be raised thereunder when we come to consider the twenty-fifth assignment, which challenges the sufficiency of the evidence to support the verdict of the jury on the issue of venue.

[6] We have carefully considered the questions presented under the fifth, sixth, seventh, and ninth assignments of error, in connection with the statement of facts in this case, and have reached the conclusion that the portion of the charge of the trial court complained of under the ninth assignment of error is not subject to the criticism made by appellants, and that no affirmative error is found therein. We have reached the further conclusion that under the evidence introduced, as shown by the statement of facts, the issues sought to be submitted to the jury in the special charges referred to in assignments of error 5, 6, and 7, in so far as they announce correctly the law of this case, was sufficiently covered by the court in its charge.

Assignment No. 25, together with the portion of the motion for a new trial, on which it is based, is as follows: Twenty-fifth assignment: "The court erred in overruling defendants' motion for a new trial upon the forty-ninth ground thereof, which is as follows: 'Because the verdict and judgment is contrary to the law and the evidence, in this: The undisputed testimony shows that the plaintiff was injured at Amarillo, in Potter county; that at the time of his injury his headquarters were in Amarillo, Potter county, Tex.; that he accepted employment from the defendants, which required his headquarters to be at that place; that when off duty and when not on his run, his place of abode was at Amarillo, Potter county, Tex. And the plaintiff's own testimony showed, as well as that of defendants, which was undisputed, that at the time of the accident, within the venue law of the state of Texas, the plaintiff was a resident of Amarillo, Potter county, Tex., and that the defendants' plea of jurisdiction and of privilege to be sued in Potter county, Tex., should have been sustained.' "

[7] We have found much difficulty in properly disposing of this assignment; but, as we understand the law, we are not called upon to pass on the weight of the evidence, that being the province of the jury, we having authority only to decide whether or not there is evidence found in the record sufficient, if believed by the jury, to sustain their verdict.

[8] After a painstaking consideration of the evidence found in the record, bearing upon the question at issue, we have reached the conclusion that it is sufficient to sustain the verdict and judgment.

The record shows that appellee was raised in Alabama, and, after reaching his majority and becoming a married man, he continued to reside there; that he did not leave there until after the trouble arising between himself and his wife, which resulted later in a divorce; that he had two small children who now reside and at all times have resided at the place he now claims as his home and residence; that he also has two sisters residing there; that he has periodically been sending money to his mother for her support and that of his two children, and did so on the day of his injury. Therefore we think the record, fairly construed, if appellee's evidence is to be believed, tends to show that

he has at all times claimed and considered Alabama as his home and residence, and that he left there only as a means of bettering his financial condition, with the intent at that time of returning to Alabama and without at any time intending to acquire or establish a home or residence elsewhere.

A portion of the evidence which we think tends to sustain our conclusions on this question is copied in this opinion in disposing of the fourth assignment of error, to which we here refer.

To restrict appellee's rights more than was done in the first paragraph of the court's charge, and to hold that under the evidence introduced on the trial tending to show that appellee's residence was in Alabama at the time he received his injuries was insufficient, if said evidence was believed by the jury, we think would be tantamount to holding that the venue statute, when applied to a cause of action, such as the one under consideration, would require the suit to be filed in the county where the injury occurred, which we know, from the language of the statute, was not intended by the Legislature.

In our judgment, the testimony in this case tends almost, if not as strong, to establish appellee's residence in Wynoka, Okl., or in Clovis, N. M., as in Amarillo, Tex., on the day of the injury, if the statute be not construed to limit the place of bringing the suit to the place where the injury was received.

Appellee had been working for appellants but little more than a month when his injuries were received, and it is clear from his evidence that his employment kept him as much out of this state as in it; and from the very necessities in properly handling the company's business, the places at which appellee could be found while away from Amarillo and not actually employed in the operation of trains required that the proper officials of appellants know where to find him.

We have carefully read and considered the cases of G., C. & S. F. Ry. Co. v. Rogers, 37 Tex. Civ. App. 99, 82 S. W. 822, and Taylor v. Wilson, 99 Tex. 651, 93 S. W. 109, cited by appellants in their brief, and, properly construed, we do not think either of these cases in conflict with the conclusion we have reached.

In disposing of the Rogers Case, Justice Gill places especial stress on the fact that Rogers had no relatives, home, property, or other ties in Omaha, Neb., where he claimed his residence, and that Rogers had been born in another state than Nebraska and had spent much more of his time since reaching his majority in other states than that of his birth, or than he had in Nebraska. It will be observed that these conditions do not apply to Thompson in this case.

The case of Taylor v. Wilson, 99 Tex. 651, 93 S. W. 109, was decided by our Supreme Court on certified questions from the Court of Civil Appeals (93 S. W. 108) for the First District (being the same court which decided the Rogers Case, and in which the Supreme Court had refused a writ of error). In the certificate it was expressly stated by the Court of Civil Appeals, in substance, that Taylor had never been a resident of Liberty county, and that he was not a transient person, and that he had a residence in White Plains, N. Y., and also in Beaumont, Tex. This was a case in which Wilson sued Taylor in the justice court of Liberty county on a moneyed demand, alleging that Taylor resided in that county. Taylor filed a plea of privilege, denying his residence in Liberty county and claiming his residence to be in Jefferson county, and urged his right to be sued in Jefferson county, alleging the facts tending to show his residence in Jefferson county and want of residence in Liberty county. The justice court overruled Wilson's plea of privilege and rendered judgment against him on the merits of the case. From this judgment he appealed to the county court, which in all respects rendered a similar judgment, from which last judgment he appealed to the Court of Civil Appeals for the First District, whereupon that court certified the question of residence to the Supreme Court. In disposing of the certified questions, our Supreme Court, speaking through Associate Justice Williams, among other things, says: "The certificate states that the defendant had a residence in Jefferson county, Tex." And we reason that as it had been further found that he had no residence in Liberty county, and was not a transient person, the Supreme Court could do nothing else, under the decisions of our courts, but hold that Taylor's residence for venue purposes was in Jefferson county, as had been found by the Court of Civil Appeals. We call attention to the fact that, in disposing of that case, Justice Williams is careful to state that the question involved in that case was not the same as the one passed on in the Rogers Case, though it is clear that the Court of Civil Appeals of the First District so regarded it. As we construe the case of Taylor v. Wilson, the Supreme Court did not pass on the sufficiency of the evidence to show Taylor's residence to be in Jefferson county, but simply accepted the finding of fact of the Court of Civil Appeals on that issue, as stated in its certificate, as it also accepted the statement of facts in the certificate that Taylor had no residence in Liberty county, and that he was not a transient person.

As we view the matter, the facts in the case of G., H. & S. F. Ry. Co. v. Cloyd, 78 S. W. 43, are more nearly in point in so far as they raise the legal question now under consideration than either the case of Railway Co. v. Rogers or Taylor v. Wilson, supra.

The reasoning in the case of Ex parte Blumer, 27 Tex. 734, to our mind sustains the conclusion reached by us in this case.

"Residence" is defined by Webster to be a dwelling in a place for some continuance of time; and we think there must be a settled, fixed abode, and an intention to remain, at least for a time, for business or other purposes, to constitute a residence within the meaning of our statute.

As we understand the question under consideration, each case must necessarily depend on the facts proven therein, and we find that the evidence introduced tending to show that appellee was a nonresident and resided in the state of Alabama at the time he was injured, and that he did not reside in Potter county, Tex. (at that time), if believed by the jury, sustains their finding to the effect that he was a nonresident and resided in Alabama, and that he had no residence in Potter county, Tex., at the time he was injured, and we therefore overrule appellants' twenty-fifth assignment of error.

[9] Under assignments of error Nos. 15, 16, 17, 18, and 19, appellants complain of the rulings of the trial court, in failing to give in charge to the jury their special charges Nos. 16, 17, 18, 10, and 11, all of which sought to have submitted to the jury appellants' version of the law on appellee's want of right to recover in this cause, because of supposed negligence on the part of appellants, resulting from their switches being unblocked; but as the court below did not in any form submit to the jury the question of appellants' negligence in permitting their frogs or switches to be unblocked, and did not in any way submit to the jury any right on the part of appellee to recover on account of any supposed negligence on the part of appellants' failure to have their switches or frogs blocked, but confined appellee's right to recover, if any, to the negligence, if any, of appellants in permitting the stirrup to the car to become and remain out of repair, said assignments refer to matters not material to the issues involved in this appeal and are therefore overruled.

Even if the question of the condition of the switches could be material, we think each of said special charges was properly overruled by the court, because neither of them contained a correct proposition of law as applied to this case under the acts of 1905 (page 386), on assumed risk, and of 1909 (page 279), on contributory negligence, and the act of 1909 (page 64), on safety appliances.

Under assignments of error Nos. 10, 11, 12, 13, and 22, appellants complain that the court below erred in failing to give in charge to the jury their special charges Nos. 1, 7, 12, 13, and 21, respectively, all of which bear on the question of assumed risk on the part of appellee as to any injury he may have sustained because of the defective condition of the stirrup to the car, appellee having selected that mode of performing his service; and assignment No. 26 complains of the insufficiency of the evidence to warrant a recovery for appellee because of his assumed risk as to the defective condition of the stirrup to the car, he having selected that mode of performing his duties. For convenience, we copy below the special charges mentioned, as well as the portion of the main charge bearing on the issue raised.

Special charge No. 1: "Defendants ask the court to charge the jury that plaintiff's own testimony in this cause, as well as that of the defendants, shows that, at the time plaintiff attempted to board the train by which he was injured, he did so of his own choice and was not acting by the orders of his superior or by the demands of the emergency arising in the management of the train by which he was injured, and that there was no actionable negligence on the part of defendants which contributed to his injury; that in attempting to board the train, under the conditions as made by his own testimony, he was not acting in the furtherance of his duties to the defendants and was therefore a mere licensee, and that therefore he cannot recover in this cause, and your verdict should be for the defendants."

Special charge No. 7: "The defendants ask the court to charge the jury that the rule is that an injured employé cannot recover if with knowledge, actual or constructive, of the risk thereby incurred, he elects or adopts a hazardous method of doing the work in which he is engaged, if the injury results from the manner in which he attempts to perform the duty, and not from the risks which were an essential incident to the work, he assumes the risk incident to the manner in which he attempts to do the work, which it is his duty to perform, and cannot recover. If, therefore, you find and believe from the evidence that it was the duty of the plaintiff to get the coal for the caboose, and that in attempting to get the coal he selected a more dangerous or more hazardous way of getting the coal, when there is a safe way of getting it, he assumed the risk of all injuries incident thereto, and cannot recover for injuries received incident to the manner in which he voluntarily attempts to perform the duty."

Special charge No. 12: "The defendants ask the court to charge the jury as follows: That if they find and believe from the evidence in this case that it was the duty of the plaintiff to go from the caboose to get coal for the caboose, and they further find that at the time of the injury he was engaged in that business, still the plaintiff is not entitled to recover unless the jury further find from the evidence that it was necessary for him to board the train in the furtherance of that duty; and you are further charged that if in performing that duty there are two ways in which plaintiff might have performed that duty, one of them a safe way, such as to have walked across the tracks to where the coal was, and the other an unsafe way, such as an attempt to board the defendants' moving train, if you find and be-

lieve same unsafe, the plaintiff of his own choice selected the more dangerous way and attempted to board the moving train, then you are charged, if you so find, that the plaintiff assumed the risk in attempting to board the train, and that the defendants owed him no duty as to the condition of its equipment, and that he cannot recover."

Special charge No. 13: "The defendants ask the court to charge the jury that it is incumbent upon the plaintiff to prove that the use of the train by him, and for him to try to board the train at the time he attempted to board it, was necessary to the proper prosecution of the business of the defendants, and that it was a part of his duties to do so, and that the plaintiff is not entitled to recover against the defendant upon the ground of the defendants' failure to block its frogs and guard rails, or on account of the defective condition of the stirrup on the car, unless the evidence shows that at the time the plaintiff attempted to board the train it was necessary for him to do so in the furtherance of his duty to the defendants and in the necessary discharge of his duty to the defendants, and where the business of the defendants required the act on the part of the plaintiff, which resulted in his injuries."

Special charge No. 21: "The defendants ask the court to charge the jury that the law is that, if there are two or more ways by which a duty required may be performed, and the injured party voluntarily selects the more dangerous way and is thereby injured, he will be held to have assumed the risk and cannot recover."

After defining "negligence," "contributory negligence," and "ordinary care," in his charge, the portions of the court's charge given and which bear on the question sought to be presented in the above special charges, read as follows:

Fifth: "Now, bearing in mind the foregoing definitions and instructions, if you find and believe from the evidence in this case, by a preponderance thereof, that on or about the 18th day of January, 1910, plaintiff, W. C. Thompson, was in the employ of defendants as rear brakeman, and as such employé, in the regular course of his duties, he undertook to board a moving train, to get to a place to get coal for a caboose, and in the exercise of ordinary care for his own safety in attempting to board said train he undertook to climb on the same by way of a stirrup on one of the cars, and when he undertook to put his foot in said stirrup, if he did so, the stirrup was bent and not in its usual place, and by reason of this fact, if this was a fact, he missed said stirrup and his foot passed on and became fastened in an unblocked guard rail, if such there was at that place, and that the wheels of the car ran over his legs and injured him, and you further find that he had no notice that said stirrup was bent out of its place, if this was so, and in the exercise of ordinary care he could not have known it, and you further find that it was negligence in the defendants or either of them, in permitting said stirrup to be out of its place, if the same was so bent, and that such negligence, if any, was the proximate cause of plaintiff's injury, and you further find that plaintiff was not guilty of contributory negligence, as hereinbefore defined, and that he did not assume the risk resulting in his injury, then you will find for the plaintiff damages, the measure of which is hereinafter charged."

Sixth: "The burden of proof in this case is on the plaintiff, and, if he has failed to discharge this burden, your verdict will be for the defendants."

Seventh: "At the time plaintiff entered the employment of the defendants, he had the right to rely upon the assumption that the appliances which are necessary for him to use in the discharge of his duties are reasonably safe. Plaintiff, however, upon entering the employment of defendants, assumed the risk of all danger incident to the business of rear brakeman, but he did not assume the risk arising from the failure of the defendants to do their duty with reference to said stirrup, if there was such failure, while in the discharge of his duties, unless he knew there was such failure, if any, or unless, in the ordinary discharge of his (plaintiff's) duties, he must necessarily have acquired the knowledge of such failure, if any; therefore if you find that plaintiff knew that said stirrup was not in a safe condition, if it was not, or that he must necessarily have learned this fact, if it was a fact, in the discharge of his duties, you will find for the defendants."

Eighth: "If you find from the evidence that the defendants, or either of them, used ordinary care to discover and keep said stirrup in a reasonably safe condition, you will find for the defendants, even though you should find said stirrup was not in a safe condition at the time of plaintiff's injury."

Ninth: "You are further instructed that if you find that the plaintiff was guilty of negligence, and that such negligence, if any, contributed to his injury, you will find for the defendants."

[10] As we think that special charge No. 1 is on the weight of the evidence as to the emergency under which appellee attempted to board the train and as to the actionable negligence on the part of appellants, resulting in the defective condition of the stirrup to the car, we overrule appellants' tenth assignment of error.

[11-13] As special charge No. 7, complained of in appellants' eleventh assignment of error, fails to require knowledge on the part of appellee of the additional hazard, if any, in the mode selected by him for the performance of his duties before he in law assumed the risk of such additional hazard, and because under the act of 1905 (page 386) recovery on the part of one who may have assum-

ed the risk of the mode of performing the service is made to depend upon the question whether or not an ordinarily prudent servant would have so performed the service, and because said special charge failed to authorize a recovery if a person of ordinary care would have done as did appellee, and because we think the court, in his main charge, sufficiently covered the law applicable to the issue, we overrule appellants' eleventh assignment of error.

[14] The evidence having shown that appellee was an experienced railroad man, and therefore necessarily accustomed to getting on and off of moving trains, we think the only negligence or assumed risk to which special charge No. 12 would properly be applicable would be that of attempting to board the car with its stirrup out of repair, and, as appellee's rights were not made in said special charge to depend on the question of his knowledge of the additional hazard or of his negligence in attempting to board the car at the time and under the circumstances, and since the court, in his main charge, sufficiently covered this issue, we overrule appellants' twelfth assignment of error.

[15] We think special charge No. 13 not a correct annunciation of the law of this case under the evidence, both because it requires that the act of appellee, in attempting to board the train be necessary, and because it fails to submit to the jury the question of whether or not a reasonably prudent and cautious employé, similarly situated, would have done as did appellee. See Acts 1905, p. 386, and Acts 1909, p. 279. The special charge also required a verdict for defendants, while under the act of 1909, when read in connection with the act of 1905, above referred to, if appellee's rights were affected by his act in attempting to board the train at the time and under the circumstances, the jury was authorized to say how much, if any, his damages should have been diminished thereby.

For the reasons stated, and because the charge of the court on this issue was sufficient and more favorable to appellants than the law warrants, we overrule appellants' thirteenth assignment of error.

Because the court, in his charge to the jury, submitted the question sought to be covered by appellants' special charge No. 21, and in a more favorable form than the law warrants, we overrule appellants' twenty-second assignment of error.

[16] It will be observed that in paragraph 8 of the court's charge he informed the jury that if the defendants, or either of them, used ordinary care to discover and keep said stirrup in a reasonably safe condition, they would find for both defendants. Thus, in effect, informing the jury that if one of the defendants exercised the requisite care to find for both, even if the other defendant was guilty of gross negligence; the law being, under the allegation of copartnership, that the negligence of either defendant would inure to appellee's benefit.

[17] The twenty-sixth assignment challenges the correctness of the action of the court in overruling the fifty-third ground in appellants' motion for a new trial, which reads as follows: "Because the verdict and judgment is contrary to the law and evidence in this: The undisputed testimony in this case showed that the train the plaintiff attempted to board was just coming into the yards at Amarillo, in charge of another crew, that he attempted to board the same at a time he was not required to do so, either by the orders of his superiors or by demand of emergency, arising in the management of the train, and that, in attempting to board the train under such conditions, he acted voluntarily of his own free will, and was therefore a mere licensee, and the evidence further showed that the defendants had used ordinary care which was undisputed as to the inspection of the train and as to the conditions of its yards." As there is evidence in the record from which the jury was warranted in finding that the stirrup was in a defective condition, that its being in that condition was the result of negligence by one or both of the appellants, that appellee knew nothing of such defect and was not guilty of negligence in failing to know of it, that he was in the discharge of a duty to his master at the time he received his injuries in attempting to board the car and in the mode and manner selected by him in the performance of said duty, and that he exercised such care and prudence as a reasonably prudent employé, similarly situated, would have exercised, we overrule appellants' twenty-sixth assignment of error. See Acts 1905, p. 386; Acts 1909, p. 279; M., K. & T. Ry. Co. v. Hawley, 123 S. W. 727; H. & T. C. Railway Co. v. Alexander, 102 Tex. 497, 119 S. W. 1135.

The reasons given and the authorities cited in support of our action in overruling appellants' twenty-sixth assignment of error necessarily result in overruling appellants' twenty-third assignment, which challenges the correctness of paragraph 5 of the court's charge, hereinbefore copied.

We overrule appellants' twentieth assignment of error, because the eighth special charge, failure to give which is complained of in said assignment, denies a recovery if one and not both of the defendants had exercised ordinary care.

We overrule appellants' twenty-first assignment of error, wherein complaint is made of failure to give special charge No. 20, because the court in his charge given covered this issue in more favorable terms than the law warrants.

Because special charge No. 15, failure to give which is complained of in the fourteenth assignment of error, fails to authorize an apportionment of the damages as authorized in the act of 1909, above referred to, and

because the issue sought to be submitted in said special charge was covered in the court's charge given, we overrule the fourteenth assignment of error.

We think that paragraph 7 of the court's charge, complained of by appellants in their twenty-fourth assignment, is not subject to the criticism made, and we think that said paragraph is more favorable to appellants than the law warrants under the acts of 1905 and 1909, above referred to.

As there is sufficient evidence in the record, if believed by the jury, to sustain the conclusion that appellee was not guilty of negligence contributing to his injuries, and that there was negligence on the part of appellants referring to the condition of the stirrup on the car and which contributed to appellee's injury, we overrule appellants' twenty-seventh assignment of error, based on the fifty-fourth ground of their motion for a new trial, in which the sufficiency of the evidence on this issue is challenged.

While appellants' twenty-eighth assignment of error alleges that it is based on the action of the court in overruling the fifty-ninth ground in their motion for a new trial, the assignment otherwise shows that it is based on the action of the trial court in overruling the fifty-eighth ground in their motion for a new trial, wherein complaint is made that the verdict is contrary to and not supported by the evidence on the issue of assumed risk and actionable negligence on the part of defendants, even if it were admitted that the stirrup was in a defective condition.

For the reasons given in overruling the twenty-seventh assignment, we also overrule the twenty-eighth.

We do not concur in the position appellants assume in their twenty-ninth assignment of error, wherein complaint is made of the action of the trial court in overruling the fifty-seventh ground of their motion for a new trial, to the effect that the record shows that the verdict of the jury resulted from malice or improper sympathy.

While there is a conflict in the evidence on some of the material issues in the case, and, had this court passed on them originally, we might not in each instance have reached the same conclusion the jury did, yet there is ample evidence found in the record, which, if believed by the jury, is sufficient to sustain each issue necessary to support their verdict, which was a general one, and we find nothing in the record indicating that the jury was actuated or influenced improperly. It will be noted that appellants' twenty-ninth assignment is in fact based on the court's action in overruling the fifty-seventh ground in appellants' motion for a new trial, though the assignment says it is based on the fifty-eighth ground in their motion.

Appellants' thirtieth assignment of error is in fact based on the fifty-ninth ground in their motion for a new trial, though it alleges it is based on the sixtieth ground. There is no sixtieth ground in the motion for a new trial, though the fifty-ninth ground urges the excessiveness of the verdict in addition to the insufficiency of the evidence on other grounds hereinbefore disposed of.

While the verdict is a large one, we are not at liberty, in the light of the entire record, to say under the evidence it is excessive.

Appellee's injuries were of a permanent and very serious nature. He is shown to have been 34 years of age at the time of his injuries; was an experienced railway employé, in the full possession of his health and strength and earning $90 per month; and aside from his loss of earning capacity, considering his life expectancy, his physical suffering must have been great in the past and may continue through life.

The record shows that at the time this suit was brought his right leg had been amputated about four inches above the ankle and the left one about six inches above the ankle, and that thereafter, because of mortification setting up in the left leg, it had been amputated again about eight or ten inches below the hip, and at the time of the trial this was his condition.

Under the disposition we have made of the appeal in this cause, it becomes unnecessary to dispose of or pass upon the merits of appellee's only assignment of error.

There is attached to appellants' brief what purports to be a copy of an affidavit, made by appellee, since the trial of this cause, which, had it been introduced on the trial, would have been material evidence, but which, as we understand the law, we are not at liberty to consider in disposing of this appeal, and we have not considered same.

Because of the fact that the verdict and judgment in this case is for a very large sum of money, and the further fact that appellants' counsel have both in their able briefs filed herein, and on oral argument before the court, so vigorously assailed the right of appellee to have the judgment affirmed, we have sought to carefully weigh every issue involved in the record which should as a matter of law affect the rights of appellants, and have also sought to give our reasons for the overruling of each of appellants' assignments, thus protracting the length of this opinion beyond what it perhaps should have been.

Finding no reversible error in the record, the judgment of the trial court will be affirmed, and it is so ordered.