**NOLTE v. SAENZ.**

No. 11007.

Court of Civil Appeals of Texas. San Antonio.

June 18, 1941.

Rehearing Denied July 16, 1941.

House & Irvin, of San Antonio, for appellant.

Davis, Wright & Perales, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Modesta Saenz Viuda de Saenz in the District Court of Jim Wells County, Texas, against Ed. H. Nolte, seeking to recover damages alleged to have been sustained by her and her children, growing out of the death of her husband, Liborio Saenz, who was killed in an automobile collision which occurred in Jim Wells County.

Appellant, Ed. H. Nolte, filed a plea of privilege containing the following allegations, to-wit:

"Now comes Ed. H. Nolte, defendant in the above entitled and numbered cause, having been heretofore served with citation to appear herein, and files this his plea of privilege, showing to the Court as grounds therefor, the following:

"1. That this defendant, Ed. H. Nolte, the party claiming such privilege, was not, at the institution of such suit, nor at the time of the service of process thereon, nor was, nor is he at the time of the filing of such plea, a resident of Jim Wells County, Texas, the county in which such suit was instituted.

"2. That he is a resident of the State of New York, but temporarily residing in Bell County, Texas, and was so temporarily residing at the time of such plea, including the time of the filing of same.

"3. No exception to exclusive venue in the county of one's residence provided by law exists in said cause.

"Wherefore Premises Considered, this defendant prays the court to sustain this Plea of Privilege."

This plea does not meet the requirements of Art. 2007, Vernon's Texas Civil Statutes, in that it does not unequivocally state that Ed. H. Nolte resides in Bell County. It does unequivocally state that he is a resident of the State of New York.

Appellant offered no proof at the hearing as to where he resided or as to just how temporary his residence was in Bell County. We conclude the trial court properly overruled the plea.

Article 2007, supra, is authority for filing a plea of privilege which contains legal conclusions rather than a statement of all the facts and when a statutory plea of privilege is filed it is prima facie proof of the right of the party to a change of venue.

In this case apparently appellant's counsel was unwilling to state in a verified pleading that he was a resident of Bell County, Texas, and after admitting appellant was a resident of the State of New York, went no further than to state that appellant was a temporary resident of Bell County. Such a pleading could not be accepted as prima facie proof of appellant's

right to a change of venue. Under Subdivision 3 of Art. 1995, Vernon's Annotated Civ.Stats., a nonresident of the State may be sued in the county of the residence of the plaintiff.

■ Appellant contends that, inasmuch as the trial court overruled special exceptions to the plea, he had a right to presume that his plea met all the requirements of the statute, unless and until the trial court changes his ruling upon the special exceptions. We overrule this contention. A special demurrer or exception is made for the benefit of the party making it, and the opposing party has no right to presume that his pleadings meet all the requirements of the statute simply because the special exceptions of his adversary have been by the court overruled.

The order overruling the plea of privilege is affirmed.

On Motion for Rehearing.

NORVELL, Justice.

Appellant, upon rehearing, contends that this Court erred in holding the allegation that appellant was "temporarily residing in Bell County, Texas, and was so temporarily residing at the time of such plea, including the filing of the same" is insufficient to comply with the provisions of Article 2007, which requires that the plea of privilege state "the county of his [defendant's] residence at the time of such plea."

In Lillie v. Globe Printing Co., Tex.Civ. App., 6 S.W.2d 444, it was held that the allegation, the defendant "now resides * * * in the county of Webb," had exactly the same meaning as an allegation that defendant resided in Webb County "at the time of such plea." This, for the reason that "the time of such plea" means the time the plea is verified.

We take it then that the question here presented is whether or not the phrase "temporarily residing in Bell County" is synonymous with the phrase "residing in Bell County."

This brings us to an examination of the cases wherein the statutory phrase has been construed.

It has been held that a person may have more than one residence. In Taylor v. Wilson, 99 Tex. 651, 93 S.W. 109, the Supreme Court held that Taylor, a citizen of the State of New York, who had resided in Beaumont, Texas, for a period of 14 months prior to the filing of the suit, engaging in the oil business, was a resident of Jefferson County within the meaning of the venue statute. In this case, "the plea was sufficient in form and substance."

In Pearson v. West, 97 Tex. 238, 77 S.W. 944, the Supreme Court held that West, the defendant, was a resident of Bexar County, as well as Live Oak County, within the meaning of the venue statute, as he had purchased a residence in Bexar County for $21,000 and occupied the same with his wife "from October to April or May in each year since he bought it."

In Pittsburg Water Heater Company of Texas v. Sullivan, 115 Tex. 417, 282 S.W. 576, 578, the Commission of Appeals, in commenting upon Taylor v. Wilson, supra, referred to Taylor's having "maintained a residence temporarily in Jefferson county, Tex." However, neither this nor any of the other cases cited by appellant go to the extent of holding that all kinds and varieties of a "temporary residence" come within the meaning of the term "residence" as used in the venue statute.

■ We conclude that the phrases here involved are not synonymous. Even though a temporary residence of a certain nature may meet the statutory requisites, it can not be said that all residences which may be thus described come within the statutory provision.

■ As pointed out in the original opinion, Art. 2007 allows a defendant to plead conclusions, the matter of residence being one of them. The statutory pleas must be sworn to under the penalties of perjury. It operates to place the burden of proving the venue facts upon the plaintiff. Pleas of this type are always strictly construed. They must be in accordance with statute. An allegation that defendant was a resident of Bell County would have placed upon the plaintiff the burden of proving the contrary of that allegation. A qualification or modification of the statutory allegation has no such effect, especially when, as in this case, the plea contains an affirmative allegation of residence in the State of New York.

■ When the statutory allegation is made, the fact is taken as established in the absence of proof. But upon the allegation here involved, in the absence of any evidence, we can not assume that appellant's "temporary" residence in Bell County is similar in kind to those discussed in

Taylor v. Wilson, supra, or the other cases above mentioned.

Appellant's motion for rehearing is overruled.