**BEASLEY v. SEXTON.**

No. 6657.

Court of Civil Appeals of Texas.
Texarkana.

April 16, 1953.

Robert F. Salmon and Ferrell & Ferrell, Linden, for appellant.

Carney, Carney & Mays, Atlanta, for appellee.

LINCOLN, Justice.

The district court sustained appellee's special exception to appellant's plea of privilege, and, the appellant declining to amend, the court overruled said plea. The paragraph of the plea of privilege in question reads: "The defendant, Reed Beasley, is not now a resident of Cass County, Texas, and was not a resident of Cass County, Texas, on June 30, 1951, and is at the present time residing and teaching school at Bearden, Arkansas, and his family, composed of his wife, Mrs. Mildred Beasley, and his son, James Beasley, both live and reside at Maud, Texas, which is in Bowie County, Texas." The appellee excepted to the plea because it did not state the county of the residence of the defendant Reed Beasley as required by Rule 86, Texas Rules of Civil Procedure. Said Rule 86 requires that the plea of privilege "shall

state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of process therein, nor at the time of filing such plea, a resident of the county in which suit was instituted, and shall state the county of his residence, and the post-office address of himself or his attorney".

It will be observed that the paragraph of appellant's plea of privilege above quoted alleges his residence, "at the present time," is at Bearden, Arkansas. The allegation that appellant's wife and son reside in Bowie County does not meet the requirements of the rule that the plea "shall state the county of his residence". Pevehouse v. Morton, Tex.Civ.App., 63 S.W.2d 904; Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551. The presumption suggested by appellant that he resides where his wife resides does not obtain, because the man and his wife may have different places of residence. Nolte v. Saenz, Tex.Civ.App., 153 S.W.2d 281; State ex rel. Hunt v. Scanlan, Tex.Civ.App., 75 S.W.2d 989, writ dismissed. It is the general rule that pleadings in relation to pleas of privilege are strictly construed, Nolte v. Saenz, supra.

There are additional reasons, however, to support the action of the judge in overruling the plea of privilege. There is no allegation that appellant was not at the institution of the suit a resident of Cass County and no allegation that at the time of the service of process therein he was not a resident of Cass County. The date "June 30, 1951," appearing in the plea of privilege is the date appellee, plaintiff below, alleged the assault took place. It is not the time when the suit was instituted, nor when service was had on appellant. The suit was not filed until July 10, 1951. While these matters are not alluded to in either of the briefs on appeal, yet the absence of such allegations appears on the face of the plea of privilege, and because thereof the plea is fundamentally defective.

Finding no error in the action of the court in sustaining the exception and in overruling the plea of privilege, the judgment of the district court is affirmed.