Wm. PARISH, Individually and Doing Business as Parish Boarding & Riding Stables, Appellant,

v.

Mary Ann DEE by Next Friend, Appellee.

No. 7085.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 25, 1958.

Rehearing Denied Dec. 30, 1958.

Sam W. Davis, Houston, for appellant.

E. P. Dee, Houston, for appellee.

CHADICK, Chief Justice.

This is a negligence case. The appellee, plaintiff in the court below, sued the appellant as defendant for damages due to personal injuries resulting from negligence charged against the appellant. The judgment of the trial court is reversed and the cause remanded for a new trial.

.Three special issues were submitted to the jury concerning the appellant's negligence. The first issue was:

"Do you find from a preponderance of the evidence that Defendant, his servants or employees told Mary Ann Dee to go on the bridle path through the park?"

The jury answered it affirmatively, and in answering the second and third issues the jury found that the act inquired about was negligence and the proximate cause of the injuries suffered by Mary Ann Dee.

The material question presented in this appeal is whether or not a judgment may be rendered upon the above issues and the jury's finding thereon. The fact the jury's answer to Special Issue No. 1 established is that the appellant, his servants or employees told Mary Ann Dee to go on the bridle path in the park. At most, this finding is a subordinate fact, one of several controverted specific facts, to be considered in determining an ultimate fact and is evidentiary in nature. It is not an ultimate controlling issue as defined in Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, at page 84. See also Texas City Transp. Co. v. Winters, Tex. Com.App., 222 S.W. 541. This finding on an evidentiary fact issue will not support a judgment for appellee on authority of Ratcliffe v. Ormsby, Tex.Civ.App., 298 S.W. 930, wr. ref., 117 Tex. 242, 1 S.W.2d 1084. See also such cases as Muckleroy v. C. S. Hamilton Motor Co., Tex.Civ.App., 33 S. W.2d 260, n.w.h.; Nolte v. Saenz, Tex.Civ. App., 153 S.W.2d 281, n.w.h.; Porter v. Puryear, Tex.Civ.App., 278 S.W.2d 595, wr. ref., n.r.e. Speer's, Special Issues, p. 572, Sec. 443, in discussing evidentiary issues, in part says: " * * * if the court should inadvertently submit such an issue * * * the findings of the jury thereon is * * * in every sense immaterial and may be ignored when the search is made for support for the judgment."

Appellant's Point 1 must be sustained. The judgment of the trial court is reversed and the cause remanded.