## A. H. BELO CORPORATION v. GRANBERRY. (No. 3523.)

Court of Civil Appeals of Texas. Texarkana. June 19, 1928.

Rehearing Denied July 12, 1928.

J. C. Muse, of Dallas, for appellant.
O'Neal & Harper, of Atlanta, and R. L. Henry, of Houston, for appellee.

HODGES, J. In August, 1927, the appellee, Granberry, filed this suit in the district court of Cass county against A. H. Belo, a private corporation, for damages resulting from certain libelous publications appearing in the Dallas Morning News in October, 1926. A plea of privilege was filed by the corporation, claiming the right to be sued in Dallas county, the place of its domicile. The appellee filed a controverting affidavit and gave the notice as required by statute. Later the appellant filed a general demurrer and special exceptions to the controverting affidavit. Upon a hearing the court overruled the demurrer and exceptions, and also the plea of privilege. The ground upon which the plaintiff below based the right to file the suit in Cass county is thus stated in the controverting affidavit:

"The plaintiff's cause of action is one based upon libelous publications by defendant and for damages by reason of the publication and circulation of said libelous articles; and by way of controverting said plea of privelege the plaintiff would show to the court that when this, his said suit was instituted and filed, same being a suit for damages for libel, he, the said plaintiff, resided at that time and at the time of the accrual of his cause of action herein, in Cass county, Tex., and that he, the plaintiff as aforesaid, has resided in said county of Cass, state of Texas, for the past 44 years, and that by reason of exception 29 of article 1995 of the Statutes of Texas, on venue, the venue of this suit is properly laid in Cass county, Tex., the residence of the plaintiff at the time of the accrual of his cause of action herein, which said subdivision was enacted as a law of this state by the Legislature.

"Plaintiff further shows to the court that he does not now, and did not at the time of the accrual of his cause of action herein, reside either in Dallas county, Tex., or in Walker county, Tex., or elsewhere than in Cass county, Tex.; plaintiff further shows that venue in this cause under the statutes of the state of Texas is conferred upon the courts of Cass county, Tex., and is expressly authorized in said county; that the statutes expressly authorize said suit in the county of the plaintiff's residence where and when his cause of action accrued."

In view of the disposition made of the case, we do not think it necessary to consider the assignments of error based upon the order of the court overruling the demurrer and exceptions. We shall assume, without definitely so holding, that the controverting affidavit, when considered in connection with the facts stated in the appellant's plea of privilege, is sufficient. The controlling question is then reduced to this: Where did the plaintiff reside when his cause of action accrued? Subdivision 29 of article 1995 provides:

"A suit for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff."

The testimony produced in the trial was apparently undisputed. It showed that the publication relied on as libelous appeared in the Dallas Morning News in October, 1926. It is alleged that the Dallas Morning News was at the time owned and published by the A. H. Belo Corporation, whose domicile was then, and still is, in Dallas county, Tex. Some time in 1925 appellee was appointed superintendent of one of the state's prison farms situated in Houston county, Tex. During the time he was acting as superintendent he resided in Houston county. In April, 1926, he was appointed a state prison commissioner. He then left Houston county and moved to Walker county, where he occupied a cottage provided by the state for the use of prison commissioners. He was residing at that place and occupying that cottage, together with his wife and daughter, at the time the publications complained of appeared. His duties as prison commissioner required his presence in Walker county the greater portion of the time. At other times he was temporarily absent on official business, visiting state farms and penal institutions. He continued his residence in Walker county until Febraury 9, 1927. Before his appointment and during the time he was in the service of the state as superintendent and prison commissioner, he owned a farm in Cass county, Tex., which had been his home for many

years and to which he expected to return and did return when he left the service of the state. During his absence his farm was under the management and control of one of his adult sons. At frequent intervals appellee visited the farm for the purpose of looking after its operation, and was interested in the crops to be grown thereon. His live stock and most of his household goods remained at the old home. Household goods and furniture supplied by the state, and some of his own, were used by him and his family while occupying the cottage at Huntsville.

Article 6168 provides:

"The board of prison commissioners, hereinafter called the board, shall be composed of three members, who may occupy free of rent the residence houses belonging to the state at Huntsville, and shall reside in said city."

The evidence conclusively shows that the appellee literally complied with that article of the statute. He was actually residing at Huntsville, in Walker county, at the time his cause of action accrued. That county was as much his place of residence as Travis county is the place of residence of the Governor while occupying the executive mansion. Appellee might have been sued in Walker county for a debt not otherwise payable there. At the same time he had a residence and a domicile in Cass county. While a person can have only one domicile, he can have several residences at the same time. He can even have a domicile in another state and a residence in Texas. Taylor v. Wilson, 99 Tex. 651, 93 S. W. 109; Pearson v. West, 97 Tex. 238, 77 S. W. 944; Pecos & N. T. Ry. Co. v. Thompson, 106 Tex. 456, 167 S. W. 801. While a person may have several legal residences situated in different counties, he cannot actually reside at more than one of them at the same time. The statute which fixes the venue in this character of cases used the language, "in the county in which the plaintiff resided at the time of the accrual of the cause of action," etc. It names a definite place and a definite time. The question then is: Where did the appellee reside in October, 1926, the time when his cause of action accrued? Undoubtedly he resided in Walker county, and did not reside in Cass county. If the statute had authorized such suits to be filed in any county where the plaintiff had his residence, a different answer probably should be made to the question. The word "residence" is a noun and is the name of a place, or thing. "Reside" is a verb, and expresses action. It refers to what is being done or has been done. To reside at a place means to dwell there—make it a place of abode with some degree of permanency.

We must give to the language of the statute its most reasonable interpretation in order to arrive at the true legislative intent. Before the statute in its present form was enacted, the plaintiff was permitted to file suits of this character in the county where he resided at the time his cause of action accrued, or in the county where he resided at the time suit was filed. In the amendment the latter provision was omitted. Evidently that was done for a purpose. That purpose may have been to prevent the plaintiff from securing an unfair advantage by changing his residence to another county after the cause of action accrued.

We therefore conclude that this suit could only have been filed in Dallas county, the domicile of the defendant, or in Walker county, where the plaintiff was residing at the time the cause of action accrued. That conclusion is, we think, supported by the following authorities: Andrus v. Davis, 99 Tex. 303, 89 S. W. 772; Pecos & N. T. Ry. Co. v. Thompson, supra; Dickinson v. Dickinson (Tex. Civ. App.) 138 S. W. 205; Brisenden v. Chamberlin (C. C.) 53 F. 307; 4 Words and Phrases (Second Series) 335–337.

The judgment will be reversed and remanded, with instructions to transfer the case to Dallas county.