**O'ROURKE v. AMERICAN PUB. CO.**
(No. 9166.)

Court of Civil Appeals of Texas. Galveston.
Oct. 11, 1928.

Rehearing Denied June 20, 1929.

R. L. Henry, of Houston, for appellant.
Samuels, Foster, Brown & McGee, of Fort Worth, for appellee.

PLEASANTS, C. J. This appeal is from a judgment of the court below sustaining a plea of privilege presented by appellee in a suit to recover damages for libel brought against it by appellant. The plea, which is in due form and was presented in due time, alleges the domicile of appellee corporation is in Travis county, and that appellant, at the time his alleged cause of action accrued, resided in Walker and not in Harris county, as alleged in his petition.

Appellant's controverting affidavit denies that he resided in Walker county at the time his cause of action accrued, and alleges that he never resided in that county, and that his residence is and has been during all of his life in Harris county.

Upon the issue thus raised, the trial court, after hearing the evidence, found in favor of the appellee.

The following is the substance of all the material evidence upon the issues:

The record shows that the publications complained of by plaintiff were made on October 23 and October 28, 1926, respectively.

Plaintiff testified that he is 29 years old and resides in Houston, Harris county, Tex., and had resided in that county during all of his life. He has paid his poll tax and voted in Harris county and nowhere else since he was 21 years old, and has never claimed the right of citizenship elsewhere. He voted in Harris county in 1926, and in all city elections he was the presiding officer of his voting precinct during that year. His residence at Houston was at the home of his father and mother, where he has always had a room.

He further testified, in substance: That he was appointed secretary for the prison commission on or about March 1, 1925, and held that position until February 1, 1927, and that his salary, which was paid by the state, was $200 a month. That his headquarters as such secretary was at Huntsville, Walker county. That he was on the pay roll of the commission and received his salary as its employee. That he had a furnished room in the Prison Administration building at Huntsville to which he had a key and in which he kept his clothes and personal effects and slept. He took his meals at the Peters Hotel when he was in Huntsville. That when he was away from Huntsville his room would be occupied by others. That he was a single man and had never been married. That the prison commission held regular weekly meetings in the Administration building at Huntsville, and that his duties required him to be present at these meetings to make and record minutes of all the proceedings, and do such other work as the board instructed, and that. it usually took him at least two days to complete his work after the meetings of the board adjourned. During the time he was secretary he does not remember to have missed but three meetings of the board. In addition to the two days' work of preparing the minutes after each meeting of the commission, it was his duty as secretary to be at his office to facilitate the general work of the commission by keeping it in touch with the general affairs of the prison, its officers, and farm managers, and was supposed to be in attendance when any emergency arose. He was in Huntsville usually five days each week, and sometimes the whole of the week. He did not leave Huntsville except with permission of some member of the commission. When he could get away from Huntsville, he usually spent Saturday and Sunday in Houston.

He further testified, on cross-examination, that in October, 1926, approximately on the 23d of that month, he voluntarily went before a legislative investigating committee at Austin and gave testimony as to matters under investigation by the committee. A copy of this testimony was shown the witness and admitted by him to be his testimony. Among other questions and replies shown in this recorded testimony are the following:

"Q. You live in Huntsville? A. I have been in Huntsville since April 1st, I think. My home is in Houston. * * *

"Q. Do you live in Huntsville at this time? A. Yes, sir.

"Q. Are you married or single? A. I am single.

"Q. You live in Huntsville, in the prison; am I not correct? A. Yes, sir.

"Q. What are your duties? A. Secretary."

Plaintiff's father testified that plaintiff resides with him now, and that in October, 1926, plaintiff, when in Houston, slept in a room at the home of witness and ate at his table. He does not think plaintiff missed being in Houston over two or three Sundays during the time he was connected with the prison commission. It is shown that plaintiff paid nothing for his room or meals at his father's home.

In the companion case of O'Rourke v. Fort Worth Star-Telegram (Tex. Civ. App.) 19 S. W.(2d) 136, which was submitted and argued with his case, we held upon the identical evidence above set out that the finding of the trial court that plaintiff resided in Walker county at the time his cause of action accrued was sustained by the evidence. We refer to our opinion in the case mentioned for our reasons for so holding.

The judgment is affirmed.

Affirmed.