## O'ROURKE v. FORT WORTH STAR-TELEGRAM. (No. 9165.)

Court of Civil Appeals of Texas. Galveston. Oct. 11, 1928.

Rehearing Denied June 20, 1929.

R. L. Henry, of Houston, for appellant.
Samuels, Foster, Brown & McGee, of Fort Worth, for appellee.

PLEASANTS, C. J. This suit was brought by appellant in the district court of Harris county to recover damages in the sum of $50,000 for the alleged malicious libel of appellant by the appellee. The defendant corporation filed and presented a proper plea of privilege to be sued in Tarrant county, where it had its domicile. This plea avers that the residence of. plaintiff at the time of the publication complained of was in Walker county, and not Harris county, as alleged in

plaintiff's petition. In answer to the plea, plaintiff filed a controverting affidavit, which contains the following allegations:

"Now comes J. Frank O'Rourke, plaintiff in the above numbered and entitled cause, and controverts the plea of privilege of the defendant, Fort Worth Star-Telegram, herein, and says that he has good reason to believe, and does believe and so alleges that the plea of privilege of said defendant is incorrect, and that this court has venue of this cause of the defendant herein on the following grounds, to wit:

"Plaintiff's cause of action is one based upon libelous publications by defendant and for damages by reason of the publication and circulation of said libelous articles; and by way of controverting said plea of privilege plaintiff shows to the court that when his suit for damages for libel was instituted by him he resided at that time, when his cause of action accrued, in Harris County, Texas, and has so resided in said Harris County during all of his lifetime, and by reason of Exception 29, of Article 1995 of the Statutes of Texas on venue, the venue of this suit is properly in Harris County, Texas, the residence of this plaintiff when his cause of action accrued, which said subdivision was enacted as a law of this state by the Legislature.

"And plaintiff further denies all and singular the allegations in defendant's plea of privilege and says that they are not true; and that this plaintiff does not reside in Walker County, Texas, and has never been a resident of said county; but that venue under the statutes of this state is conferred on the courts of Harris County, Texas, for the trial of plaintiff's cause of action; and that said statutes expressly authorize suit in the county of plaintiff's residence where and when his cause of action accrued.

"Wherefore plaintiff prays that defendant or its attorneys of record, Samuels & Brown, at 706 Texas National Bank Building, Fort Worth, Texas, be served with a copy of this controverting plea as required by law in such cases, and that after hearing of said plea of privilege by the court the same be in all things overruled."

The learned trial judge overruled defendant's demurrer and exceptions to the controverting affidavit, proceeded to hear and determine the case upon the facts, and, after hearing the evidence, rendered a judgment in favor of defendant sustaining its plea of privilege, and ordering the suit transferred to the district court of Tarrant county. This appeal is prosecuted from this judgment and order.

■ The above statement of the pleadings shows that the only fact issue raised on the hearing was: Where did plaintiff reside in October, 1926, when his cause of action accrued?

The record shows that the publications complained of by plaintiff were made on October 23 and October 28, 1926, respectively.

Plaintiff testified that he is 29 years old, and resides in Houston, Harris county, Tex., and had resided in that county during all of his life. He has paid his poll tax and voted in Harris county and nowhere else since he was 21 years old, and has never claimed the right of citizenship elsewhere. He voted in Harris county in 1926, and in all city elections he was the presiding officer of his voting precinct during that year. His residence at Houston was at the home of his father and mother, where he has always had a room.

He further testified, in substance: That he was appointed secretary for the prison commission on or about March 1, 1925, and held that position until February 1, 1927, and that his salary, which was paid by the state, was $200 a month. That his headquarters as such secretary was at Huntsville, Walker county. That he was on the pay roll of the commission and received his salary as its employee. That he had a furnished room in the Prison Administration building at Huntsville, to which he had a key, and in which he kept his clothes and personal effects and slept. He took his meals at the Peters Hotel when he was in Huntsville. That he was a single man and had never been married. That the prison commission held regular weekly meetings in the Administration building at Huntsville, and that his duties required him to be present at these meetings to make and record minutes of all the proceedings, and do such other work as the board instructed, and that it usually took him at least two days to complete his work after the meetings of the board had adjourned. During the time he was secretary he does not remember to have missed but three meetings of the board. In addition to the two days' work of preparing the minutes after each meeting of the commission, it was his duty as secretary to be at his office to facilitate the general work of the commission by keeping it in touch with the general affairs of the prison, its officers, and farm managers, and was supposed to be in attendance when any emergency arose. He was in Huntsville usually five days in each week, and sometimes the whole of the week. He did not leave Huntsville except with permission of some member of the commission. When he could get away from Huntsville, he usually spent Saturday and Sunday in Houston.

He further testified, on cross-examination, that in October, 1926, approximately on the 23d of that month, he voluntarily went before a legislative investigating committee at Austin and gave testimony as to matters under investigation by the committee. A copy of this testimony was shown the witness and admitted by him to be his testimony. Among other questions and replies

shown in this recorded testimony are the following:

"Q. You live in Huntsville? A. I have been in Huntsville since April 1st, I think. My home is in Houston. * * *

"Q. Do you live in Huntsville at this time? A. Yes, sir.

"Q. Are you married or single? A. I am single.

"Q. You live in Huntsville, in the prison; am I not correct? A. Yes, sir.

"Q. What are your duties? A. Secretary."

Plaintiff's father testified that plaintiff resides with him now, and that in October, 1926, plaintiff, when in Houston, slept in a room at the home of witness and ate at his table. He does not think plaintiff missed being in Houston over two or three Sundays during the time he was connected with the prison commission. It is shown that plaintiff paid nothing for his room or meals at his father's house.

If his statements as to where he resided at the time in question could be given controlling weight upon this issue, the trial court could accept as true either of his seemingly contradictory statements, and the judgment should be affirmed.

But we do not regard the testimony as conflicting upon the issue of plaintiff's place of residence at the time his cause of action accrued. Plaintiff's statement on his direct examination, that his residence had always been in Harris county, is but a statement of a legal conclusion, since he testified fully as to the facts showing his connection and service with the prison commission and his actual residence during the time of such service at Huntsville in Walker county.

Subdivision 29 of article 1995 of the Revised Statutes 1925, which fixes the venue of suits of this character, requires the suit to be brought "in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff."

A person can have his home or domicile in one place and reside temporarily at some other place. Taylor v. Wilson, 99 Tex. 651, 93 S. W. 109; Pearson v. West, 97 Tex. 238, 77 S. W. 944; Ry. Co. v. Thompson, 106 Tex. 456, 167 S. W. 801.

We think the language of this statute clearly shows that it was not the intention of the Legislature to permit suits of this character to be brought in the county in which the plaintiff had his domicile or home which he had not permanently abandoned when, in order to meet his business requirements, he actually resided in another county. We think all the evidence in this case shows that at the time the alleged libelous publications were made the plaintiff resided in Walker county. He was a single man, had no family, and owned no home, and his business headquarters were in that county. He had a room there, which he controlled, and in which he slept and kept his clothes and personal effects, and he ate at a public boarding house in the town where he had his room and business headquarters. His testimony, as to the nature and extent of the duties of his office, which required him not to leave his headquarters in Walker county without the consent of his employers, shows conclusively that, during the time of his employment as secretary of the prison commission, he lived or resided in Walker county.

The force of this testimony is not destroyed or weakened by the facts that he regarded Harris county as his home, spent most of his week-ends there, during which time he ate and slept in the home of his parents, and that he retained his citizenship and right to vote in that county and returned to reside there as soon as his service with the prison commission terminated.

The question was before the Court of Civil Appeals for the Sixth District in the recent case of A. H. Belo Corporation v. Silas G. Granberry, 9 S.W.(2d) 443, in which the facts do not differ materially from the facts in this case. That court, in a well-considered opinion by Justice Hodges, holds that under the venue statute above quoted the actual residence of a member of the prison commission in Walker county during the term of his office requires that a suit for libel which accrued during the time the plaintiff so resided in Walker county could not be brought in the county in which the plaintiff had and kept his home and to which he returned at the expiration of his term of office. We have no doubt of the soundness of this opinion, and regard it as conclusive of the question presented by this appeal.

These conclusions require an affirmance of the judgment in this case, and it has been so ordered.

Affirmed.