## HOUSTON PRINTING CO. v. TENNANT.[1]
### No. 7440.

Court of Civil Appeals of Texas. Austin.
June 11, 1930.

Rehearing Denied Oct. 14, 1931.

W. M. Cleaves and Ross, Wood, Lawler & Wood, all of Houston, and Winbourn Pearce, of Temple, for appellant.

Tyler & Hubbard, of Belton, Jas. B. Hubbard, of Corpus Christi, A. L. Curtis, of Belton, and DeWitt Bowmer, of Temple, for appellee.

McCLENDON, Chief Justice.

Appeal from an interlocutory order overruling a plea of privilege in which appellant sought to have the venue changed to Harris county, the county of its domicile.

Appellee sought to maintain venue in Bell county by virtue of his residence there. The action was one for libel, and, in order to maintain venue in Bell county, appellee must have resided in that county "at the time of the accrual of the cause of action." R. S. art. 1995, subd. 29.

[1] On October 28, 1931, appellant's further motion "to set aside order overruling motion for rehearing, and with request to certify" was dismissed by this court.

The appeal presents two questions: (1) Whether the record shows when the cause of action accrued; and, if so, (2) whether at that time plaintiff resided, as that term is used in the venue statute above, in Bell or Travis county.

Upon the original hearing we reversed the order appealed from on the ground that the date the cause of action accrued was not shown by the controverting plea or the evidence offered in its support. We have, however, reached the conclusion that the affidavit and proof, when supplemented by other facts shown by the record which we may consider or take judicial knowledge of, make sufficient showing of such date. Plaintiff's petition shows that the suit was one for libel only; and the publication complained of, which is set out in full in the petition, shows on its face that it was in reference to a controversy which arose during the administration of Gov. Moody, and related to the official acts of plaintiff while he was a member of the board of control.

The controverting affidavit was to the effect that at the time the suit was filed and for many years prior thereto plaintiff had his residence, domicile, and home in Bell county. The proof was to the following effect: Plaintiff had resided in Bell county continuously for about twenty-eight years when the suit was filed. On January 1, 1926, he assumed office as a member of the state board of control, and from that time on he lived in Austin where his principal duties upon the board were performed. Upon leaving Temple, he rented his house furnished and it has been rented ever since, with the understanding that he was to retake possession when his term of office should expire. At Austin he and his wife boarded at a hotel. He maintained his domicile, paying his poll tax and voting in Bell county; and intended to return to Bell county as soon as his term of office expired. In other words, the evidence conclusively showed that his domicile continued to be in Bell county, although he was temporarily residing in Austin while performing his duties as a member of the board of control. The testimony also showed that the suit was one for libel.

While the general rule is that a controverting affidavit to a plea of privilege seeking change of venue must be tested by its own allegations, and must affirmatively allege facts which would establish venue in the county where the suit is brought, and such affidavit must be supported by evidence of such facts, we have reached the conclusion that plaintiff's petition may be resorted to for the purpose of showing the general nature of the action. If, therefore, the action as shown by the petition, taken in connection with the facts alleged in the controverting affidavit and proof upon the hearing thereof, be such as could properly be brought in the county where the suit was filed, the showing of venue is sufficient. This principle is clearly deducible from our previous holdings in Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114, and Davis v. Insurance Co. (Tex. Civ. App.) 22 S.W.(2d) 960; and that of the Fort Worth court in Thomason v. Ham (Tex. Civ. App.) 210 S. W. 561.

Plaintiff's petition showed on its face that the only cause of action asserted was one for libel. If, therefore, it appeared from the controverting affidavit and the proof that on the date of the publication plaintiff resided in Bell county, then a showing of venue there was made.

We are required to take judicial knowledge of the term of office of state officials, the creation of state boards, and the appointment of officers thereon. 23 C. J. 97. The petition showing on its face that the cause of action could not have accrued prior to the administration of Gov. Moody, which began in January, 1927, and that it concerned official acts of the plaintiff as a member of the state board of control whose tenure began on January 1, 1926, it conclusively appears from the petition that the publication could not have been made, and therefore the cause of action could not have accrued prior to January, 1927. The controverting affidavit having alleged that plaintiff resided in Bell county when the suit was filed (January 2, 1929), and for many years prior thereto, and the proof showing that plaintiff has resided continuously in Bell county for about twenty-eight years prior to the filing of the suit and up to January 1, 1926, from which time continuously he had still maintained his domicile in Bell county, the only remaining question presented is whether plaintiff's maintenance of his domicile in Bell county under the facts stated constituted it his resident county within the meaning of the above provision of the venue statute.

In Belo Corp. v. Granberry, 9 S.W.(2d) 443, decided by the Texarkana Court of Civil Appeals in June, 1928, it was held, in a case the facts of which are on all fours with those of the case at bar, that the venue statute in question had reference to the actual residence of plaintiff as distinguished from his legal residence or domicile. This holding was

followed in O'Rourke v. Fort Worth Star-Telegram, 19 S.W.(2d) 136, decided by the Galveston Court of Civil Appeals in October, 1928. The Dallas court reached a contrary conclusion, in Evans v. American Publishing Co., but on account of the Texarkana court's holding certified the question to the Supreme Court. The Commission of Appeals, in an elaborate opinion which was adopted by the Supreme Court and certified to the Dallas court, held that the statute authorized the suit to be brought in the county of plaintiff's domicile. 13 S.W.(2d) 358. This opinion was delivered February 6, 1929. Later the Supreme Court dismissed an application for writ of error in the O'Rourke Case.

The only point of difference between the Evans Case and the Belo and O'Rourke Cases is that in the former the plaintiff, while still maintaining his domicile in Texas, resided in another state where his business was being conducted. In principle, however, we are unable to draw any distinction between the Evans and the Belo and O'Rourke Cases. It is manifest to our mind that it was the intention of the Supreme Court in the Evans Case to lay down the rule that the county in which plaintiff maintains his domicile or legal residence, and exercises his franchise and performs his duties and obligations as a citizen, is the county where he resides, as that term is used in the libel venue statute.

We attach no importance to the fact that the Supreme Court dismissed an application for writ of error in the O'Rourke Case. It has been the uniform practice of the Supreme Court to decline jurisdiction in all appeals from interlocutory orders determining venue regardless of the questions involved in such appeals.

Our former judgment is set aside and the order appealed from is affirmed.

Former judgment set aside; affirmed.