## Houston Printing Company v. Roy Tennant.

No. 5691.   Decided June 10, 1931.
(39 S. W., 2d Series, 1089.)

*W. M. Cleaves, Ross, Wood, Lawler & Wood* and *Winbourn Pearce,* for appellant.

The plaintiff having offered no evidence of any fact or facts concerning the nature or character of his alleged cause of action, or the time of its accrual, or the place of his residence at the time of such accrual, and having offered in evidence no other fact or circumstance proving or tending to prove the probable existence of a cause of action maintainable in Bell county, there was no evidence whatever to sustain the action of the trial court in overruling the defendant's timely filed statutory plea of privilege to be sued in Harris county.

The undisputed testimony (being that of plaintiff himself) having shown that plaintiff removed from Bell county to Travis county on or about December 31, 1925, since which time he had actually and continuously lived, resided and been physically present with his family in the city of Austin, discharging and attending to his duties as a member of the State Board of Control of Texas, and that this condition existed continuously from that date up to the time of the trial, established the fact that plaintiff was not a resident of Bell county within the meaning of the statute governing the venue of actions for libel, and the court should have sustained the defendant's timely filed statutory plea of privilege and transferred the case to Harris county.

The defendant having timely filed its statutory plea of privilege to be sued in Harris county and the plaintiff having filed an amended controverting affidavit thereto, the plaintiff's admission in open court during progress of the hearing thereon that there was uncertainty and doubt as to his place of residence followed by his request and motion to transfer the case to Travis county, amounted to an abandonment or waiver of any right to retain venue in Bell county and amounted to an admission that the suit was improperly brought in Bell county, and required the court to sustain defendant's said plea.

The right to be sued in the county of one's residence has, from the earliest times, ever been held to be a very valuable right and not to be defeated or "frittered away" on any strained, unreasonable or doubtful construction either of the law or of the facts. Witting v. Towns, 265 S. W., 411; Lasater v. Waits, 95 Texas, 555. And the authorities are uniform in holding that to defeat the defendant's timely filed statutory plea of privilege to be sued in the county of his residence, the plaintiff must not *allege* in his controversting affidavit *facts showing a cause of action maintainable in the court wherein the cause is pending* but he must, on the hearing, sustain such allegations by competent proof. Article 2007, Rev. Civ. Stats., 1925; Ray v. Kimball, 207 S. W., 351; Clarke v. Taylor, 223 S. W., 878; Coalson v. Holmes, 240 S. W., 896; Lindley v. Bank, 264 S. W., 159-162; Penix v. Davis et al., 265 S. W., 718; Witting v. Towns, 265 S. W., 411; Witt & Sons v. Stith, 265 S. W., 1076; Meadows & Co. v. Turner, 270 S. W., 899; Citizens State Bank v. Alexander, 274 S. W., 185; World Co. v. Dow, 287 S. W., 241; Jacobson v. Berwick, 289 S. W., 1035; Griffin v. Burrus, 292 S. W., 561; Gholson v. Thompson, 298 S. W., 318; Moore v. Invesemtnt Finance Co., 299 S. W., 325; Jaffee et al. v. Walkup, 2 S. W. (2d) 480; Grogan-Cochran Lbr. Co. v. McWhorter, 4 S. W. (2d) 997; Duffy v. Cole Pet. Co., 5 S. W. (2d) 495; Bryan v. Collins, 5 S. W. (2d) 600; Shelton v. Thomas, 11 S. W. (2d) 254; Bender v. Kowalski, 13 S. W. (2d) 201; Finkelstein v. H. M. Reed & Co., 15 S. W. (2d) 111; Horton v. Lone Star Gas Co., 19 S. W. (2d) 618; Cook v. Guzman, 19 S. W. (2d) 855; Thompson v. Trentham, 17 S. W. (2d) 130.

Every judgment, as a matter of course, must be supported by *some* evidence; and an order overruling a plea of privilege is no exception to this universal rule. Under all the authorities, it is well settled that to defeat a defendant's timely filed statutory plea of privilege plaintiff must not only allege in his controverting affidavit some *fact* or *facts constituting a cause of action maintainable in the court wherein the suit is pending*, but he *must offer evidence showing,* prima facie at least, the *existence* or *probable existence* of the cause of action so alleged. The authorities are unanimous in saying that the allegations in the plaintiff's petition are not

evidence, nor proof of any kind, even though the petition were offered as such—which was not done in the case at bar.

When plaintiff and his family removed to Austin they took their trunks, clothes and car. The home in Temple which they vacated was rented furnished to others and had continued to be so rented to the time of the hearing. Plaintiff says he has always called Bell county his home; that he paid his poll tax in Bell county, continued to own property, and has voted there since removing to Austin.

In view of the plaintiff's testimony outlined above, where was it that he "resided" from January 1, 1926, to the time of the trial; or where was it that he "resided" in October and November, 1928? In solving this question it will be very helpful to bear in mind the words of the statute under consideration. They provide that suit shall be brought "in the county in which the plaintiff resided at the time of the accrual of the cause of action." A careful examination of the venue statute and the exceptions thereto will show that this identical language had been in one of the exceptions to our venue statue for something like eighteen years at the time the libel venue statute was passed in 1919. In 1901 the Twenty-seventh Legislature passed an act (now section 25 of article 1995) relating to the venue of suits against railway corporations for personal injuries. That act contained some very significant language. It provides, among other things, that such suits "shall be brought either in the county in which the injury occurred or *in the county in which the plaintiff resided at the time of the injury.*" That language as employed in its original enactment has remained in and been a part of that statute to the present time, and defendant contends that it is very significant that this identical language was incorporated in and re-enacted in the libel venue statute of 1919. It should be noted that in the libel statute the provision for suit in the county in which the plaintiff resided is taken verbatim from the older statute, each of the enactments reading: *"in the county in which the plaintiff resided at the time of the"*—the personal injury statute employing the word "injury" and the libel statute substituting for that word the words "accrual of the cause of action," but the meaning of both is the same.

*Tyler & Hubbard, Jas. B. Hubbard, A. L. Curtis* and *Dewitt Bowmer,* for appellee.

The only issue upon the plea of privilege being whether, within the meaning of the statute governing actions for libel, plaintiff was a resident of Bell county or of Travis county, it being uncontroverted that he was a resident of one or the other of those counties, and the court having before it the petition which stated a cause of action for libel against defendant, and the court having heard the evidence of plaintiff as to his residence, the pleadings and proof were sufficient to sustain the judgment of the court.

The statement of plaintiff's attorney as to the uncertainty and doubt of the place of residence of plaintiff, within the meaning of the venue statute, and request to transfer the case to Travis county, can not be construed as a waiver of an abandonment of his right to retain venue in Bell county.

While plaintiff was on the stand, he identified himself and the suit as follows: "I am the plaintiff in this suit against the Houston Printing Company, which cause is numbered 18,247 on the docket of this Court, which is a suit to recover damages for libel".

The court at that time had before him all the pleadings. It seems to us a refinement of sophistry to say that the court did not have before him sufficient pleadings and evidence upon which to base his judgment.

We do not think it necessary to argue a counter proposition addressed to appellant's eighth proposition, where it takes the position that plaintiff's admission that there was uncertainty as to plaintiff's place of residence, within the meaning of the venue statute, and requested that the case be transferred to Travis county, amounted to an abandonment of his right to retain venue in Bell county, as we regard said proposition as hypercritical.

The doubt and uncertainty referred to arose in our minds because of the conflicting holdings in Evans v. American Publishing Company, 13 S. W. (2d) 359, and Belo v. Granbury, 9 S. W. (2d) 443. The Evans case was again before the Commission of Appeals on motion for rehearing, 16 S. W. (2d) 516, and Judge Speer, in overruling the Publishing Company's motion for rehearing says in part:

"Assuming that a libel suit under our statute is not an ordinary suit or action within the venue statutes, but is a special proceeding, and that the place of suit is jurisdictional in the stritest sense, *yet we adhere to our original views that the language of the statute requiring such suit to be brought in the county in which the plaintiff resided at the time of the accrual of the cause of action, or at the time of filing suit, uses the word 'resided' not in the sense of actual pedal presence, but rather of legal residence, as that term has been used throughout the venue statutes.* Our reasons for this holding are sufficiently stated in the original opinion by Presiding Judge Short." (Italics ours).

So far as we have been able to ascertain, this is the last utterance upon the question from the highest court, and, applied to the facts in the case at bar, leaves no doubt but that plaintiff may maintain his suit in Bell county, and we respectfully ask that the judgment be affirmed.

MR. JUSTICE SHARP delivered the opinion of the court.

The Honorable Court of Civil Appeals for the Third Supreme Judicial District has certified to the Supreme Court the following question:

"The appeal is from an interlocutory order overruling a plea of privilege in which appellant (defendant below) sought to have the venue changed to Harris County, the county of its domicile.

"The suit is one for libel only, and appellee sought to maintain venue in Bell County, on the ground that within the meaning of R. S., art. 1995, sub. 29, he resided in that county 'at the time of the accrual of the cause of action.' Briefly, the record showed the following upon this issue: The libelous publication sued upon was with reference to official acts of appellee while he was a member of the State Board of Control, and the cause of action accrued subsequently to January 1, 1926. Prior to said date plaintiff had resided in Temple (Bell County) continuously for about 27 years. On January 1, 1926, he assumed office as a member of the State Board of Control, and from that time on he lived in Austin, where his principal duties upon the Board were performed. Upon leaving Temple he rented his house furnished and it has been rented ever since, with the understanding that he was to re-take possession when his term of office should expire. At Austin he and his wife boarded at a hotel. He maintained his domicile, paying his poll tax and voting in Bell County; and intended to return to Bell County as soon as his term of office expired. In other words, the evidence conclusively showed that his domicile continued to be in Bell County, although he was temporarily residing in Austin while performing his duties as a member of the Board of Control.

"Under a similar state of facts the Texarkana Court of Civil Appeals, in Belo v. Graham, 9 S. W. (2d) 443, held that the venue statute in question had reference to the actual residence of plaintiff as distinguished from his legal residence or domicile. This holding was followed in O'Rourke v. Star Telegram, 19 S. W. (2d) 136, by the Galveston Court. The Dallas Court reached the contrary conclusion in Evans v. American Publishing Co., 8 S. W. (2d) 809, but on account of the Texarkana Court's holding certified the question to the Supreme Court; and the Commission of Appeals in an opinion adopted by the Supreme Court held that the statute authorized the suit to be brought in the county of plaintiff's domicile. 118 Texas, 433, 13 S. W. (2d) 358. Later the Supreme Court dismissed an application for writ of error in the O'Rourke case. The only point of difference between the Evans case on the one hand, and the Belo and O'Rourke cases on the other, as we read the opinion, is the fact that in the former the plaintiff maintained his domicile in Texas and his actual residence outside the State, whereas in the two latter cases both the domicile and actual residence were within the State. We have declined to follow the Texarkana and Galveston Courts in the above decisions, because, first, we believe they are in conflict in principle with the decision in the Evans case; and, second, because we are not in accord with the decisions and conclusions reached in those cases; and we have affirmed the trial court's order denying a change of venue.

"Because of the conflict between our decision and that of the Texarkana and Galveston Courts, the public importance of the controversy thus

raised, and the manifest urgent necessity of having a judicial determination thereof by the Supreme Court (the decision of the Courts of Civil Appeals being final in this character of cases), we deem it advisible and our duty to certify for your decision the following question:

"Were we in error in holding, under the facts above outlined, that the venue in this case was properly laid in Bell County?"

It appears from the foregoing certificate that appellee is a member of the Board of Control. That on January 1, 1926, he assumed office as a member of that Board and from that time on he has lived in Austin, where his principal duties upon the Board were performed. Upon leaving Temple he rented his house furnished with the understanding that he was to re-take possession when his term of office expired. He maintained his domicile, paying his poll tax and voting in Bell county, and intended to return to Bell county as soon as his term of office expired. In other words, the evidence conclusively showed that his domicile continued to be in Bell county, although he was temporarily residing in Austin while performing his duties as a member of the Board of Control. That the libelous publication sued upon with reference to his official acts while a member of the State Board of Control and the cause of action accrued subsequent to January 1, 1926. Prior to that date appellee had resided in Temple, Bell county, Texas, for about twenty-seven years. Article 5430, R. S., 1925, reads:

"A libel is a defamation expressed in printing or writing, or by signs and pictures, or drawings tending to blacken the memory of the dead, or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury."

The general rule for determining the venue of a suit of this character in this state is prescribed by subdivision 29 of article 1995, R. S., 1925. Subdivision 29 reads:

"A suit for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff."

Webster's New International Dictionary defines the word "reside" as follows:

"To dwell permanently or for a considerable time; to have a settled abode for a time; to have one's residence or domicile."

It has never been the policy of the courts of this state to give a strict technical construction to the words "inhabitant," "resident," "domicile"

and "residence." It is well settled by the decisions of this state that the words 'inhabitant" and "resident" and "domicile" and "residence" are interchangeable terms as used in the venue statutes of this state. Taylor v. Wilson, 99 Texas, 651, 93 S. W., 109; Evans v. American Publishing Co. et al., 118 Texas, 433, 13 S. W., 358; Pearson v. West, 97 Texas, 238, 77 S. W., 944; Pittsburg Heater Co. v. Sullivan, 115 Texas, 417, 282 S. W., 576; Brown v. Boulden, 18 Texas, 432; Funk v. Walker (Texas Civ. App.), 241 S. W., 720; Bolton v. Allen (Texas Civ. App.), 25 S. W. (2d) 638; Burns v. Napier (Texas Civ. App.), 19 S. W. (2d) 578.

Subdivision 25 of article 1995 provides that suits against railroad corporations for damages arising from personal injuries "shall be brought either in the county in which the injuries occurred or in the county in which the plaintiff resided at the time of the injury."

In construing the language contained in subdivision 25 of the venue statute, the courts have held that an action may be brought in the county of plaintiff's permanent residence, although temporarily residing elsewhere. G. C. & S. F. Ry. Co. v. Overton (Texas Civ. App.), 107 S. W., 71; I. & G. N. Ry. Co. v. Elder, 44 Texas Civ. App., 605, 99 S. W., 856.

The Supreme Court in the Overton case, supra, granted a writ of error and reversed the opinion of the Court of Civil Appeals upon other issues, but did not disturb the holding of the Court of Civil Appeals with reference to the venue of the suit. 101 Texas, 583, 110 S. W., 736.

It is undisputed that the appellee is holding office for a limited term on the Board of Control which calls for his principal duties to be performed at Austin. He and his wife boarded at a hotel in Austin, but retained his home furnished at Temple in Bell county and claimed it as his home ever since he left that county and intended to return and take possession of his home just as soon as the term of his office expires.

The publication of a libelous matter is a direct thrust at a person's reputation for honesty, integrity or virtue. The law has provided a remedy for such an offense, if committed. Naturally, a person against whom such a libelous matter is published, should be permitted to file and maintain his suit in a forum in the county where he resides and is known best. We do not think it was the intention of the Legislature in defining venue in a case of this character to compel a citizen, who might be temporarily serving the state by holding some office at Washington, D. C., or at Austin, to litigate his rights in a county where he is a stranger or unknown. Nor do we think the fact that in the discharge of his duties he is called away from his domicile can affect the question. On the contrary, we think it the policy of this state, in a case of this kind, to permit citizens to litigate their rights in the county where they vote, pay taxes, and have their residence among the people who know them best, who know their character and standing for honesty, integrity, virtue and fair

dealing. We do not believe that it was the purpose or intention of the Legislature to destroy this right and a construction of subdivision 29 does not sustain that contention.

That the conclusions stated above reflect the public policy of this state, is fully shown in the language used in section 9, article 16, of the Constitution of Texas, which reads as follows:

"Absence on business of the State, or of the United States, shall not forfeit a residence once obtained, so as to deprive any one of the right of suffrage, or of being elected or appointed to any office under the exceptions contained in this Constitution."

We therefore recommend that the foregoing question be answered "No."

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. Cureton, Chief Justice.