

# THE ATTORNEY GENERAL
## OF TEXAS

**Gerald C. Mann**
XXXXXX XXXXXXXXXXXX
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. 0-3739
Re: Construction of "resident
of this State" in motor vehi-
cle use tax; Article VI, House
Bill No. 8, Acts 47th Legisla-
ture, Regular Session.

We are in receipt of your request for an opinion by this department, in which you submit the following question:

"An employee of the United States Border Patrol was transferred to Texas in May, 1940. He has lived in Kansas eleven years, and for the past three years has owned his own home there, which he still owns but is now occupied by a tenant. He has voted in Kansas every year for the last eleven years, except last year, and says that he would have voted there last year but for the fact that he was out of the State on election day. He is now occupying a rented house in El Paso. Employees in this service are subject to transfer at any time and are in fact frequently transferred, it being very unusual for an employee to remain in the same place more than about two years. This particular employee was to have been transferred to New Mexico within the last few days, but the transfer was canceled at the last moment.

"While on a trip to Kansas recently this man bought a used automobile, on which he paid the Kansas sales tax. He drove the automobile to El Paso and upon being notified that his transfer to New Mexico was canceled he applied for Texas registration of the automobile.

"Is he a 'resident' of Texas within the meaning of the recent statute imposing a use tax upon an automobile brought into this State by a 'resident'?"

Section 1 of Article VI, House Bill No. 8, Acts 47th Legislature, Regular Session, levies a tax upon every retail sale of every motor vehicle sold in this State, at the rate of 1 percent of the total consideration paid or to be paid to the seller by the buyer.

Section 2 of said Act levies a tax as follows:

"There is hereby levied a use tax upon every motor vehicle purchased at retail sale outside of this State and brought into this State for use upon the public highways thereof by a resident of this State or by firms or corporations domiciled or doing business in this State. Such tax shall be equal to one (1) per cent of the total consideration paid or to be paid for said vehicle at said retail sale. The tax shall be the obligation of and be paid by the person, firm, or corporation operating said motor vehicle upon the public highways of this State." (Underscoring ours)

Section 5 provides:

"The taxes levied in this Article shall be collected by the Assessor and Collector of Taxes of the county in which any such motor vehicle is first registered or first transferred after such a sale; the Tax Collector shall refuse to accept for registration or for transfer any motor vehicle until the tax thereon is paid.

"When a tax becomes due on a motor vehicle purchased outside of this State and brought into this State for use upon the highways, the person, firm, or corporation operating said motor vehicle upon the public highways of this State shall pay the tax imposed by Section 2 to the Tax Collector of the county in which such motor vehicle is to be registered. The tax shall be paid at the time application is made for registration of said motor vehicle, and the Tax Collector shall refuse to issue the registration license until the tax is paid."

In 54 C. J. § 1, p. 712, it is stated:

"Although there are many definitions to be found in the books, it is not easy to give a satisfactory definition of this term, for it is flexible, somewhat ambiguous word, used in many and various senses, with the sense in which it should be used controlled by reference to the object, thus having different meanings according to the context, or the subject matter under discussion. It has a great variety of

meanings. It is difficult to give an exact definition of what is meant by 'resident' as used in particular statutes, for, although often construed by the courts, the term has no technical meaning, but is differently construed in courts of justice, according to the purposes for which inquiry is made into the meaning of the term. The construction is generally governed by the connection in which the word is used, and the meaning is to be determined from the facts and circumstances taken together in each particular case."

Sometimes the term residence is used synonymous with domicile and a "resident" may be one having his domicile in a particular place. At other times the term has reference to a person living in a particular locality without reference to his domicile. The difference has been expressed as one of "actual residence" and "legal residence" and it has been said that a person may have his legal residence in one place and his actual residence in another. 15 Tex. Jur. p. 710, 63; O'Rourke v. Fort Worth Star Telegram, 19 S. W. (2d) 136; A. H. Belo Corporation v. Granberry, 9 S. W. (2d) 443; Taylor v. Wilson, 93 S. W. 109.

Use and other compensating taxes are frequently enacted along with retail sales taxes as supplementary or complementary thereto. Aside from their obvious revenue producing object they are also designed to prevent sales tax avoidance through outside purchases, and to place local business on even terms with interstate commerce and prevent discrimination against local merchants in favor of competitive merchants in other states. Pacific Telephone & Telegraph Company v. Henneford, (Sup. Ct. Wash. 1938), 81 Pac. (2d) 786, 790; Continental Supply Company v. People, (Sup. Ct. Wyo. 1939) 88 Pac. (2d) 488, 490, Fifteenth Street Investment Company v. People, (Sup. Ct. Colo. 1938) 81 Pac. (2d) 764, 766; Henneford v. Silas Mason Co., Inc., 300 U. S. 577, 57 S. Ct. 524, 81 L. ed. 814. It would seem to be apparent from the statute itself that the use tax levied by House Bill 8 is closely related to the retail sales tax on motor vehicles and has for its purposes those considerations herein above pointed out.

After careful consideration of the provisions of the above statute and the purposes for which it was enacted, we are of the opinion that the Legislature used the phrase "resident of this State" in the sense of a person's "actual residence," and not in the sense of his domicile or "legal residence." Such construction would seem to be more in harmony with the apparent purposes of the Legislature in enacting the use tax, and would tax those whose use of the highways might be expected to be more or less continuous.

Having determined the meaning of the term "resident" as used in the statute, its application to particular individuals becomes a question of fact to be determined from all the facts and circumstances in each particular case. This department is not authorized to pass upon questions of fact, however, we would point out that under the facts you outline, this individual has lived in Texas since May, 1940, and while he may maintain his domicile in Kansas and may in the future be transferred from Texas, from all that appears in your letter it is his present purpose to remain here indefinitely.

Assuming that your letter presents all the facts, we are of the opinion that this individual is a resident of Texas within the meaning of Article VI, H. B. No. 8, Acts 47th Leg., Regular Session.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Cecil C. Cammack

Cecil C. Cammack
Assistant

APPROVED AUG 29, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

CCC:mp

APPROVED
OPINION
COMMITTEE
BY
Chairman