# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00505-CV

### In re Robert Francis O'Rourke

### ORIGINAL PROCEEDING FROM SAN SABA COUNTY

### D I S S E N T I N G   O P I N I O N

I respectfully dissent. Relator Robert Francis O'Rourke has filed a petition for writ of mandamus complaining of the trial court's refusal to transfer venue, asserting that real party in interest Kelcy Warren did not file his defamation, slander, and libel suit in a county of proper venue under Texas Civil Practice and Remedies Code Section 15.017. *See* Tex. Civ. Prac. & Rem. Code §§ 15.017 (establishing mandatory venue for suits for libel, slander, or invasion of privacy); .0642 (allowing application for writ of mandamus to enforce mandatory venue provisions).

Section 15.017 ("libel venue statute") provides as follows:

> A suit for damages for libel, slander, or invasion of privacy shall be brought and *can only be maintained in the county in which the plaintiff resided at the time of the accrual of the cause of action*, or in the county in which the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff.

*Id.* § 15.017 (emphasis added). Warren sued O'Rourke in San Saba County, asserting that venue was proper there because Warren has a house on property in the county where he has spent at least

two to three months per year since around 2014-2015, primarily during the Thanksgiving, Christmas, New Year's, and Easter holidays, and further asserting that Warren was at his San Saba house when his claims against O'Rourke accrued.[1] O'Rourke contends that both the express language of the libel venue statute and prior precedent of this Court and the Texas Supreme Court establish that a plaintiff may have only one county of residence under the statute. This Court, in a decision affirmed by the Texas Supreme Court, has held that the county "in which plaintiff maintains his domicile or legal residence, and exercises his franchise and performs his duties and obligations as a citizen, is the county where he resides, as the term is used in the libel venue statute." *Houston Printing Co. v. Tennant*, 76 S.W.2d 762, 764 (Tex. Civ. App.—Austin 1930), *aff'd*, 39 S.W.2d 1089 (Tex. [Comm'n Op.] 1931); *see also General Motors Acceptance Corp. v. Howard*, 487 S.W.2d 708, 710 (Tex. 1972) (noting that predecessor libel venue statute "has been held to establish a policy in this State that citizens may litigate their rights in libel suits 'in the county where they vote, pay taxes, and have their residence among the people who know them best'" (quoting *Houston Printing*, 39 S.W.2d at 1091)). Warren does not dispute that his homestead is in Dallas County and that he is registered to vote in Dallas County.

Although Warren urges that more recent cases allow plaintiffs as well as defendants to maintain more than one county of residence for venue purposes, none of the more recent cases overrule this Court's precedent. Warren relies primarily on the Texas Supreme Court's decision in *Snyder v. Pitts*, 241 S.W.2d 136 (1951). However, that case, which sets forth the elements for establishing a defendant's secondary residence for venue purposes, is not a libel case. *Id.* at 137, 139-40. It specifically states that its decision does not conflict with the supreme court's *Houston*

---

[1] Warren owns 100% of the LLC that owns the San Saba property, and he is the LLC's sole member.

*Printing* case. *Id.* at 142. The only libel case relied on by Warren for the proposition that a plaintiff may have more than one county of residence for venue purposes is *Rosales v. H.E. Butt Grocery Co.*, 905 S.W.2d 745, 748 (Tex. App.—San Antonio 1995, writ denied), which cites *Snyder* for that proposition without any analysis of whether a plaintiff, as opposed to a defendant, may have multiple residences for venue purposes.[2] *Rosales* conflicts with an earlier precedent from the Fourth Court of Appeals determining that "under the libel statute [the plaintiff] could only prosecute his suit in the county of his legal residence and not in one where he only temporarily lived." *Hennessey v. Campbell*, 32 S.W.2d 390, 392 (Tex. Civ. App.—San Antonio 1930, no writ). The Fourth Court of Appeals analyzed in *Hennessey* whether the libel venue statute allows the plaintiff to have two or more residences and select either of them as the forum for his case and concluded:

> [W]e have failed to discover any authority which would permit a plaintiff to have two residences for the purpose of a suit like the present and to have the choice of the counties in which to institute his suit. So far as we have ascertained the doctrine of two counties, either of which would furnish venue, has always been confined to defendants. The decisions of the Supreme Court have extended to plaintiffs the authority to select either of two residences held by a defendant, but no court has given the plaintiff the privilege of making two or more residences and choosing from them the place in which he desires to try his grievances against a defendant.

---

[2] The Fourth Court of Appeals concluded in *Rosales* that the trial court erred by transferring venue from Maverick County, where the plaintiff had filed suit, to Bexar County. *Rosales v. H.E. Butt Grocery Co.*, 905 S.W.2d 745, 752 (Tex. App.—San Antonio 1995, writ denied). The court reasoned that venue was proper in Maverick County because the plaintiff had presented prima facie proof that his permanent residence was in Maverick County (including that he had a permanent residence there, he had voted and was registered to vote there, and his driver's license and social security card showed his residential address there), and the defendant had not presented conclusive evidence to establish that the plaintiff's only residence was in Bexar County. *Id.* at 749-50.

*Id.* at 391. To date, there is no decision from the Texas Supreme Court extending to plaintiffs suing under the libel venue statute "the privilege of making two or more residences and choosing from them" the county of suit. *See id.*

Under the principles of stare decisis, we are obligated to follow our precedent, as affirmed by the Texas Supreme Court, until it is overruled by an en banc decision of this Court or by the Texas Supreme Court. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256-57 (Tex. 2022). Therefore, in accordance with the language of the libel venue statute and in the absence of authority overruling this Court's prior precedent, I would conclude that Warren's county of residence for venue purposes is Dallas County and conditionally grant the writ of mandamus.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justice Triana, and Justice Smith

Filed: September 20, 2022

4